## THE HAXBY.

(District Court, E. D. Pennsylvania.   June 27, 1899.)

### No. 15.

ADMIRALTY JURISDICTION—SUIT FOR INJURY TO PIER.

A "pier," in the ordinary meaning of the word, is a projection of the land, and is to be treated as land for purposes of jurisdiction; hence a suit for an injury to a pier by a vessel, where the libel uses the word without any qualifying adjective, is not within the jurisdiction of a court of admiralty.

In Admiralty.   On exceptions to libel.

John G. Johnson, for libelant.
Convers & Kirlin, for respondent.

McPHERSON, District Judge.   This is an action in rem, to enforce a maritime lien.   The libelant avers that the steamship was so negligently managed that she crashed into and injured a "pier" in the navigable waters of the Delaware river, thereby doing the damage complained of.   The exceptions raise the question whether the case is within the admiralty jurisdiction; the point being whether the pier is to be regarded as land or as water.   It is unnecessary to cite authorities in support of the proposition that the jurisdiction of admiralty to redress a tort depends upon the point in space where the injury was done.   In the case now before the court the injury was done to a pier, and the only matter for consideration is whether or not this structure is, for the present purpose, a part of the land.   In the sense in which the word is used in the libel, I have no doubt that it means a part of the land.   The Century Dictionary defines a pier to be "a projecting quay, wharf, or other landing place"; and, without some qualifying adjective, this is the ordinary meaning of the word. It may be a solid stone structure, or an outer shell of stone or wood filled in with earth; or it may be a framework formed by fastening a platform of planks upon piles driven into the soil at the bottom of the water.   In either event, it is a projection of the land, and for purposes of jurisdiction it should be so treated.   It is conceivable, of course, that a pier might also be built to float upon the surface of the water; but it is then a floating pier, and needs the adjective before the description is complete.   In the case now in controversy, it is not denied that the pier was an immovable, and not a floating, structure.   It seems clear to me, therefore, that in legal contemplation it was land, and that the injury sued for must be redressed by the common law, and not by the admiralty.   The exceptions are sustained, and the libel is dismissed.