THE HAXBY.  (No. 2.)

(District Court, E. D. Pennsylvania.  June 30, 1899.)

No. 14.

ADMIRALTY—JURISDICTION—INJURY TO PROPERTY ON PIER.

Where a steamship struck against a pier extending into navigable water, breaking it and causing property lying thereon to fall into the water, where it sank beyond recovery, the legal injury was done upon the pier, which is land, and not in the water, and a suit to recover for the loss is not within the jurisdiction of a court of admiralty.

In Admiralty.   On exceptions to libel.

J. Rodman Paul, for libelant.

Convers & Kirlin, for respondent.

McPHERSON, District Judge.   The injury complained of was caused by a blow negligently delivered by the steamship when it ran into a pier projecting into the Delaware river, and the question for decision is whether a court of admiralty has jurisdiction of the action. Certain property of the libelant was upon the pier,—several blocks of concrete, some tools, and other materials,—and, when the blow was struck, this property was either hurled into the water by the direct impact of the ship, or else dropped into the water, because the pier was partially broken up and could no longer support it.   Upon this point the averment of the libel is that the vessel "crushed into the pier with terrific force, so as to carry away a large portion of the pier, and to hurl into the water libelant's said blocks, molds, and tools, where they were irretrievably sunk and lost in the navigable waters of the Delaware river."   Where, then, was the injury done in contemplation of the law, upon the land (the pier being land), or upon the navigable waters of the river?   No doubt the case is upon the border line, but I incline to the view that the injury should be regarded as done upon the land.   Taking the averment of the libel in the sense most favorable to the libelant, the blow struck by the ship hurled the libelant's property into the water, and it was there sunk and irretrievably lost.   Nevertheless, I think it must be held that the injury was done upon the pier.   It was there that the wrongful violence was inflicted, and what happened afterwards, namely, the sinking of the blocks and tools, was an unavoidable consequence due to gravity, and should be considered as an inseparable incident of the blow.   In reasoning about these facts, it is possible to adopt the libelant's view that the ultimate damage was done in the water.   But it would be quite as easy, and I think, in strictness, it would be more accurate, to say that the ultimate damage was done upon the land at the bottom of the river, where the property finally rested.   The libelant does not complain that the blocks and tools have been broken or destroyed, but only that they have been put into a place whence they cannot be recovered.   Precisely speaking, this place is land.   The blocks and tools rest upon the soil, and, although the water partially surrounds them, nevertheless the point in space where recovery is thus obstructed is upon the land.

But I do not put the case upon this ground.   In my opinion, the legal injury was done upon the pier.   Let us suppose for a moment that the property had been upon another vessel, and had been hurled into the water from its deck.   In that event the libelant would scarcely have followed the property to the bottom of the river, in order to oust the admiralty jurisdiction by averring that the damage was suffered upon the land there submerged.   Why, then, should the libelant be permitted now to deny that the injury was done upon the pier, and to follow the blocks and tools into the water, in order to establish the jurisdiction?   In both cases I think it would be more reasonable to hold that, as the sequence of events was inevitable, the

whole transaction should be regarded as taking place where the violence was inflicted. This is not in conflict with the decisions, as I understand them. A shot fired from a ship that kills a man on shore does a violent wrong on the land. So does a rocket sent off from a ship, if it sets fire to a house. Merely to start the bullet or the rocket does no harm. The harm is done by what happens afterwards at a different place. The foregoing reasoning may perhaps smack of refinement; but refinement is hardly avoidable when a case like this comes up for consideration. If I must choose between subtleties, I prefer to choose the subtlety that regards a course of events as an indivisible whole when it cannot be separated in fact, rather than the subtlety that separates the events in thought, and treats them as if they could be separated in reality. But if they are to be thus treated, and if the legal injury was not done upon the pier, then I see no stopping place, either in the air or in the water, until the land is reached at the bottom of the stream; and, as already stated, if this is the decisive locality, the admiralty jurisdiction does not attach.

I think, also, that the case is ruled by Johnson v. Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254. The injury there was done by the jib boom of a schooner that was being towed in the Chicago river. The boom struck an elevator upon the shore, and did some damage to the building; but the principal injury was caused by the flowing out of corn into the river, and its consequent loss in the water. It was decided that a court of admiralty had no jurisdiction; and, although it is urged by counsel for the present libelant that the decision is distinguishable, because injuries were also sued for there that were clearly injuries done upon the land, the loss of the corn following as an incident, I am unable to sustain this position. It is no doubt true that damage to the building was sued for as well as the loss of the corn; but the injury to the building was inconsiderable, and the value of the corn was by far the most significant item in the libelant's claim. Moreover, there is no sign, either in the record or in the briefs, all of which I have had the advantage of examining, that any such position was taken by counsel; and certainly the decision of the court is not put in any degree upon that ground.

In my opinion, therefore, this controversy is not within the admiralty jurisdiction, and the libel must accordingly be dismissed.