THE CURTIN.

(District Court, E. D. Pennsylvania. March 20, 1907.)

No. 25.

ADMIRALTY—JURISDICTION—ACTION FOR INJURY TO PIER.

Semble, that an action for injury to a pier by a moving vessel is not cognizable in admiralty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, §§ 222–234.]

In Admiralty. On exceptions to libel and petition to amend libel.

John F. Lewis and Francis S. Laws, for libelant.

John A. Toomey, for respondent.

J. B. McPHERSON, District Judge. The amendments prayed for by the petition presented on October 12, 1906, are hereby allowed. As thus amended, the libel seeks to recover damages from the tug and its tow, not only for injury done by collision with the libelant's pier—which projects from the bank of the Delaware river into the navigable waters of the stream—but also for injury done by the same collision to certain barges, also belonging to the libelant, that were lying on the surface of the river alongside the pier. The defendants' principal exception to the unamended libel denied the court's jurisdiction upon the ground that injury to a pier was not cognizable in admiralty (The Plymouth, 3 Wall. [U. S.] 20, 18 L. Ed. 125; The Haxby [D. C.] 94 Fed. 1016; The Haxby [D. C.] No. 2, 95 Fed. 170); but this exception is no longer applicable to the libel as a whole, now that the amendment setting forth the injury to the barges has been allowed.

So far as the damage to the pier is concerned, the libelant's claim to recover in this action is based solely upon the case of The Blackheath, 195 U. S. 361, 25 Sup. Ct. 46, 49 L. Ed. 236, or, to be more accurate, upon certain language used by Mr. Justice Brown in his concurring opinion. In order to prevent the libelant from going to unnecessary labor and expense, it is proper for me to say now that I do not understand The Blackheath to overrule The Plymouth, or to qualify it in any degree. Indeed, the court is at pains to point out that the authority of The Plymouth has not been disturbed. Mr. Justice Holmes, speaking for the court, concludes as follows (page 367 of 195 U. S., page 48 of 25 Sup. Ct. [46 L. Ed. 236]):

"It is unnecessary to determine the relative weight of the different elements of distinction between The Plymouth and the case at bar. It is enough to say that we now are dealing with an injury to a government aid to naviga-

tion from ancient times subject to the admiralty, a beacon emerging from the water, injured by the motion of the vessel, by a continuous act beginning and consummated upon navigable water, and giving character to the effects upon a point which is only technically land, through a connection at the bottom of the sea. In such a case jurisdiction may be taken without transcending the limits of the Constitution or encountering The Plymouth or any other authority binding on this court. As to the present English law, see The Uhla, L. R. 2 Ad. & Ec. 29, note; The Swift, [1901] L. R. Prob. 168."

As at present advised, therefore, I feel bound to hold that the damage done to the pier is not recoverable in this court, and, if the libelant goes on to take testimony concerning such damage, it must be clearly understood that the question is likely to be decided against the libelant's right to recover for that particular injury.

The amendments having been allowed, the exceptions to the libel are overruled.