assigned the rents, not the net rents after payment of taxes.

That case is clearly distinguishable from the case at bar, where the mortgage itself covered only the lease, which was subject to the payment of the rent reserved, and where the trustee could not continue to occupy the premises and collect any rents without becoming personally obligated for the payment of the reasonable value of use and occupation for payment for which, if not made, would cause the lease to be wiped out, and therefore the value of use and occupation was a part of the general expense of management which the trustee was, by the order of segregation, entitled to make to protect him from personal liability.

A number of cases have been cited by both sides relative to the segregation of rents, where the mortgage covered real estate the fee of which was covered by a mortgage, but they are not in point where the mortgage covers only a lease upon real estate, which is dependent upon payment of the rent reserved.

The motion to review the said order of the referee is denied and the order confirmed.

Jacob C. Spiro, of New York City, for plaintiffs.

Haight, Smith, Griffin & Deming, of New York City, for defendant.

COXE, District Judge.

The passage ticket in this case required notice of claim to be given within forty-five days after death, and that suit be commenced within one year "after the lodging of claim." These provisions are binding, even though the deceased was a 3 year old infant traveling on her mother's ticket [The Finland (D. C.) 35 F.(2d) 47]; and, inasmuch as the suit was not commenced until one month and nineteen days after the expiration of the one-year limitation period prescribed in the ticket, the action was barred [Martin v. Royal Mail Steam Packet Co. (D. C.)[1] 1933 A. M. C. 1553, affirmed (C. C. A.) 65 F.(2d) 1019, certiorari denied (October 16, 1933) 54 S. Ct. 88, 78 L. Ed. ——]. Neither is it an answer that notice of claim was given within forty-five days after death, as both requirements of the passage ticket must be met before the action can be maintained.

The motion to dismiss is therefore granted.

## LEE et al. v. SWEDISH AMERICAN LINE.

District Court, S. D. New York.

Dec. 21, 1933.

## Ex parte LOPEZ.

No. 480.

District Court, S. D. Texas, Laredo Division.

Feb. 20, 1934.

---

[1] Jury trial; no opinion.