SOFIE KRISTANSEN, as Administratrix, etc., of ALF KRISTANSEN, Deceased, Plaintiff, *v.* OTTO STEINFELDT and MARINE BASIN COMPANY, Defendants.

Supreme Court, Special Term, Kings County, November 5, 1937.

*Corydon B. Dunham*, for the plaintiff.

*William E. Bardusch*, for the defendant Marine Basin Company.

BROWER, J. Although the negligent acts and omissions complained of took place within the territorial limits of the State of

New York, the explosion resulting in the death of plaintiff's intestate occurred on the high seas. The great preponderance of authority is to the effect that the *locus delicti,* for the purpose of determining what law governs an action for wrongful death, is fixed, not by the place where the defendant acted and the negligence occurred, but by the place where the force impinged on the body of decedent. (*Kelly* v. *Steinfeldt,* N. Y. L. J. Oct. 30, 1937, p. 1435; 2 Whart. Confl. of Laws, 1130; 2 Beale Confl. of Laws, 1305; Restatement of the Law of Conflict of Laws, § 391. See same, N. Y. Annotations, § 377. Cf. *Smith* v. *Lampe,* [C. C. A.] 64 F. [2d] 201; certiorari den'ed, 289 U. S. 751; 53 S. Ct. 695; 77 L. Ed. 1496; *The Haxby,* [D. C.] 95 Fed. 170.)

This court, therefore, feels constrained to hold that the Federal Death Act (U. S. Code, tit. 46, §§ 761–768) is applicable to the case at bar; and as it covers the entire field of liability and confers jurisdiction over actions arising thereunder only upon the District Courts of the United States in admiralty, it follows that this court has not jurisdiction of the subject of the causes of action alleged against the moving defendant.

Motion to strike out the second and third causes of action granted. Settle order on notice.