EDNA B. W. WYMAN et al., as Executors of EDWARD E. WYMAN, Deceased, Plaintiffs, *v.* PAN AMERICAN AIRWAYS, INC., Defendant.

Supreme Court, Trial Term, New York County, June 25, 1943.

*Harry A. Gair* for plaintiffs.

*Edgar R. Kraetzer, Donald Havens* and *David L. Corbin* for defendant.

SCHREIBER, J. Plaintiffs' testator, en route from San Francisco to Hongkong as a passenger on board the " Hawaii Clipper ", was lost in the disappearance without trace of that aircraft over the South Pacific Ocean on or about July 29, 1938. Defendants, now merged, owned and operated the plane.

The rights of the parties are fixed by the rules for " International Air Transportation " established and concluded at Warsaw, Poland, on October 12, 1929, at a convention of nearly all governments, including the United States. Final adherence to this international treaty on the part of the United States was proclaimed by the President on October 29, 1934 (49 U. S. Stat. 3000) which thus becomes part of the law of the land (U. S. Const. art. VI; *United States* v. *Belmont,* 301 U. S. 324), superseding State law (*Moscow Fire Ins. Co.* v. *Bank of New York,*

280 N. Y. 286; *Conklin* v. *Canadian-Colonial Airways,* 266 N. Y. 244). The said rules were made a condition of the ticket herein (*Murray* v. *Cunard Steamship Co. Ltd.,* 235 N. Y. 162) and in any event are so made under the rules themselves (art. 3, subd. 2).

The Warsaw Convention rules are applicable only to international flights (art. 1) and raise a presumption of liability on the part of the carrier for injury or death to a passenger (arts. 17, 20) limited to 125,000 francs or approximately $8,300 under the rate of exchange fixed (art. 22) except where the carrier is guilty of " wilful misconduct " (art. 25).

There was no proof in this case of " wilful misconduct " on the part of defendants (*Wass* v. *Stephens,* 128 N. Y. 123; *Brown* v. *Garey,* 267 N. Y. 167), and, indeed, no proof of any negligence connected with, or as a proximate cause of, the accident. (*Kilinowski* v. *Ryerson & Son, Inc.,* 242 App. Div. 43, affd. 270 N. Y. 532.) Nor, in view of the circumstances, were defendants able to offer any proof in rebuttal of the presumption of liability (art. 20).

The case at bar would thus seem to be within the very situation embraced by the rules of the Warsaw Convention which here operate to permit a recovery that otherwise might be impossible for want of proof. On these considerations, at the conclusion of the trial, a verdict was directed for plaintiffs in the sum of $8,300, in accordance with the rules stated.

Plaintiffs now move to set aside this verdict as inadequate. It is said that, as the aircraft was lost on a leg of the flight between Guam and Manila, both within the jurisdiction of the United States, the flight was not international and the Warsaw Convention rules are inapplicable. The original place of departure, however, was San Francisco, California, U. S. A., and the final destination Hongkong, China. So the ticket purchased by the deceased reads. This is specifically controlling (art. 1, subd. 2, Warsaw Convention) despite breaks in travel en route (*Grein* v. *Imperial Airways, Ltd.* [1937] 1 K. B. 50.) The contention that defendants failed to prove legal authorization to operate is also without merit. Compliance with the law is always to be assumed unless the contrary is proven. (*Anderson* v. *Erie R. R. Co.,* 223 N. Y. 277.)

There remains to be considered whether interest may be allowed on the judgment. The right to bring a death action is purely statutory. It did not exist at common law (*Debevoise* v. *N. Y., L. E. & W. R. R. Co.,* 98 N. Y. 377) and depends upon the **existence of a** statute creating **a** right of action at the place

where the "force impinged" causing injuries and death. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Kristansen* v. *Steinfeldt*, 165 Misc. 575, revd. on other grounds 256 App. Div. 824.) No new substantive rights were created by the Warsaw Convention and all the rules there laid down are well within the framework of existing legal rights and remedies. (*Choy* v. *Pan-American Airways Co.*, 1941 Am. Maritime Cas. 483 [U. S. Dist. Ct., S. D. N. Y.].)

The right to any recovery in this action thus must depend on some statute. The New York Decedent Estate Law (§ 130) can have no application as the injury and death did not occur within the territorial confines of the State (*Whitford* v. *Panama R. R. Co., supra*). The only possible relevant statute, therefore, is the Federal Death on the High Seas Act (U. S. Code, tit. 46, § 761 *et seq.*), similar in effect to other statutes giving such right of action. This statute is applicable to airplane accidents on the high seas (*Choy* v. *Pan-American Airways Co., supra*) and that an action thereon may be maintained in the State courts has been held by the Appellate Division in this case (*Wyman* v. *Pan American Airways, Inc.*, 262 App. Div. 995). As the said statute contains no provision for interest, it follows that interest may not be allowed on the verdict herein. (*Murmann* v. *N. Y., N. H. & H. R. R. Co.*, 258 N. Y. 447; *Norton* v. *Erie R. R. Co.*, 163 App. Div. 468.) Motion to set aside the verdict is denied, and interest on the said verdict is disallowed.