INDEMNITY INS. CO. OF NORTH AMERICA v. PAN AMERICAN AIRWAYS, Inc., et al.

District Court, S. D. New York.
Dec. 22, 1944.

See also 57 F.Supp. 980.

George A. Garvey, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Donald Havens and David L. Corbin, both of New York City, of counsel), for defendant Pan American.

Socolow & Pepper, of New York City, for defendant Erwin D. Swann.

RIFKIND, District Judge.

■ Plaintiff's motion, addressed to the answer of defendant Pan American Airways, Inc., is cast in a variety of forms [1] but in substance the object of the motion is to challenge three affirmative defenses on the ground that they fail to state legal defenses to the claims asserted in the complaint. Rule 12(h).

The complaint arises out of the crash of the aircraft, Yankee Clipper, in the harbor of Lisbon, Portugal, on February 22, 1943. Recovery is sought of the damages suffered by the father and mother of one Tamara Drasin Swann, who died in the crash. The action is brought by the compensation insurance carrier which, pursuant to its insurance contract with the decedent's employer, paid a compensation award to the father and mother of the deceased employee.

The three defenses here challenged are the second, third and fourth. The second defense pleads a limitation of liability to $8,291.87 (125,000 gold francs) under the provisions of the Warsaw Convention, 49 Stat. Pt. 2, page 3000, Oct. 12, 1929, Treaty Series No. 876, Government Printing Office, 1934. The third defense alleges that the contract of transportation between the defendant and the deceased was expressly made subject to the limitations of the Warsaw Convention. The fourth defense pleads the failure of plaintiff or its assignors to file a claim in writing within thirty days after the event, as required by the contract of transportation.

The major arguments relied on by plaintiff are:

1. That the Warsaw Convention is unconstitutional because it encroaches on the power of Congress to regulate commerce.

2. That the Convention is inoperative because not self-executing and never implemented by legislation.

3. That being inoperative it cannot become effective as a contract between the carrier and the passenger.

4. That the Treaty is invalid in that its application would deprive plaintiff of its property without due process of law.

I shall consider these points in the order given:

■ 1. The alleged conflict between the Treaty and the Constitution is asserted to reside in the fact that the Treaty professes to regulate commerce, a power entrusted exclusively to Congress by article I, section 8, clause 3, without having received the approval of both Houses of Congress. The Warsaw Convention, it is not disputed, was made by the President with the advice and consent of the Senate, two-thirds of the Senators present concurring. Article 2, section 2, clause 2. No reported decision has been called to my attention wherein the validity of a treaty duly ratified in the manner prescribed by the Constitution has been challenged on the ground that it conflicts with the power vested in Congress to regulate commerce. While the novelty of an argument is not to be taken against it, nevertheless one cannot fail to observe the uninterrupted uniformity of the practice by which treaties of commerce, from the earliest days of the Republic, have been made in the manner now

---

[1] Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Rule 12(b) (6), clearly inapplicable since the rule applies to claims, not defenses; Rule 12(c); and Rule 56(a) and (d), of doubtful applicability, see Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co., D.C.1944, 3 F.R.D. 440, 441.

challenged, without arousing so much as a doubt as to the propriety of the course taken.[2] The broad sweep of the treaty making power is in good measure reflected in the absence of any decision holding a treaty unconstitutional. 63 C.J. 829; United States v. Thompson, D.C.E.D.Ark. 1919, 258 F. 257; Butler, Treaty Making Power, Section 454; In re Terui, 1921, 187 Cal. 20, 200 P. 954, 17 A.L.R. 630.

Plaintiff cites Board of Trustees v. United States, 1933, 289 U.S. 48, 56, 53 S.Ct. 509, 77 L.Ed. 1025, Weber v. Freed, 1915, 239 U.S. 325, 36 S.Ct. 131, 60 L.Ed. 308, Ann.Cas.1916C, 317, The Abby Dodge, 1912, 223 U.S. 166, 32 S.Ct. 310, 56 L.Ed. 390. On the point in issue these cases say no more than that the power of Congress to regulate interstate and foreign commerce is exclusive and plenary as against encroachment by state action. They contribute no support to plaintiff's contention. On the other hand, in O'Donnell v. Great Lakes Dredge & Dock Co., 1943, 318 U.S. 36, 42, 63 S.Ct. 488, 87 L.Ed. 596, the court referred to the Ship Owners' Liability Convention of 1936, 54 Stat. 1695, as confirming the right of a seaman to maintenance and cure, without intimating the possibility that that treaty transgressed the commerce clause. And see Wyman v. Pan American Airways, Inc., 1943, 181 Misc. 963, 43 N.Y.S.2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459.

2. Whether a treaty is self-executing or requires implementing legislation depends upon its terms, whether they call for further action or whether they are enforceable without legislation. Foster and Elam v. Neilson, 1829, 2 Pet. 253, 314, 7 L.Ed. 415; Butler, Treaty Making Power, § 296. As I read the treaty and particularly the provisions pleaded in the answer I construe them to be self-executing. United States v. Percheman, 1833, 7 Pet. 51, 8 L.Ed. 604; United States v. 43 Gallons of Whiskey, 1876, 93 U.S. 188, 23 L.Ed. 846; Commonwealth v. Hawes, 1878, 13 Bush 697, 76 Ky. 697, 26 Am.Rep. 242, opinion called "a very able one" in United States v. Rauscher, 1886, 119 U.S. 407, 428, 7 S.Ct. 234, 245, 30 L.Ed. 425. Cf. Robertson v. General Electric Co., 4 Cir., 1929, 32 F.2d 495. For purposes of the present motion I need only consider the treaty as a defense by way of limitation of liability. I do not reach the question whether it confers rights or creates causes of action. It has been said that a treaty may be self-executing in part and require legislation in part. Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 738, 63 S.Ct. 930, 937, 87 L.Ed. 1107 (concurring opinion by Stone, C. J.).

The argument, that the enactment of legislation by the British Parliament to put the Convention into effect is evidence of its character as not self-executory, is without substance since, unlike the United States Constitution, Art. 6, cl. 2, English law does not regard treaties as the law of the land until made law by an act of Parliament. United States v. Rauscher, 1886, 119 U.S. 407, 417, 7 S.Ct. 234, 30 L.Ed. 425.

3. The ineffectiveness of the contract of transportation to limit defendant's liability is predicated upon the invalidity or inoperativeness of the treaty. Since the premise fails the argument must fall. The public policy against contractual limitation of liability by common carriers, Conklin v. Canadian-Colonial Airways, Inc., 266 N.Y. 244, 194 N.E. 692, must bow to the overriding policy of the treaty. United States v. Pink, 1942, 315 U.S. 203, 231, 62 S.Ct. 552, 86 L.Ed. 796; United States v. Belmont, 1937, 301 U.S. 324, 327, 57 S.Ct. 758, 81 L.Ed. 1134.

4. The argument that the treaty is invalid because it deprives plaintiff of its property without due process is rejected. Statutes for the limitation of liability are no novelty. See The Fire Statute, R.S. § 4282, 46 U.S.C.A. § 182; Vessel Limitation of Liability Statute, R.S. § 4283, 46 U.S.C.A. § 183; Providence & New York Steamship Co. v. Hill Mfg. Co., 1883, 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038; Workmen's Compensation Laws; Mountain Timber Co. v. Washington, 1917, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann. Cas.1917D, 642.

Plaintiff argues that the requirements of the contract for written notice of the claim within thirty days after death or injury is invalid as against public policy because New York does not permit the compensation carrier to sue until after the

---

[2] "A List of Treaties and Other International Acts of the United States In Force on December 31, 1941", published by the Government Printing Office, lists approximately 125 treaties under the heading of commerce.

default of the dependents for a period longer than thirty days. That the rights of the compensation carrier are no greater than those of the assignor seems to be well established. Exchange M. I. Ins. Co. v. Central Hudson G. & E. Co., 1926, 243 N. Y. 75, 152 N.E. 470; Zurich G. A. & L. Ins. Co. v. Childs Co., 1930, 253 N.Y. 324, 329, 171 N.E. 391; Matter of Heaney v. P. J. Carlin Construction Co., 1935, 269 N. Y. 93, 199 N.E. 16. Provisions in transportation contracts conditioning liability upon notice of claim within thirty days after the origin of the claim have been held valid. Gooch v. Oregon Short Line R. Co., 1922, 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443; The Finland, D.C.E.D.N.Y.1929, 35 F.2d 47.

Consequently, I decide that the fourth defense cannot be stricken as a matter of law. I do not pass on the question whether any circumstances here excuse noncompliance or otherwise render the provision inapplicable.

The motion is denied. Settle order on notice.