IRVIN N. SHELDON, Plaintiff, *v.* PAN AMERICAN AIRWAYS, INC., Defendant.

Supreme Court, Special Term, New York County, May 6, 1947.

*Feltenstein & Rosenstein* for plaintiff.

*Haight, Griffin, Deming & Gardner* for defendant.

MILLER, J.  Plaintiff, in its brief, in effect concedes that if the clause relied upon by defendant in its fifth defense had expressly stated that claims would be unenforcible unless presented in writing within thirty days, the defense would be good.  Plaintiffs attack upon the sufficiency of the defense is predicated upon the failure of the clause in question to state the penalty for failure to comply with the mandatory requirement that claims be presented within thirty days.

The fair and reasonable meaning of the clause is that claims may not be enforced unless presented within thirty days.  Any other construction would render the clause meaningless.  A similar defense based upon a clause identically worded was upheld as sufficient in *Indemnity Ins. Co. of North America* v. *Pan American Airways* (58 F. Supp. 338).

Plaintiff also contends that a construction of the thirty-day clause which would bar his maintenance of the present suit is inconsistent with the provision of article 29 of the " Warsaw Convention " providing that the right to damages shall be extinguished if an action is not brought within two years (49 U. S. Stat., Part 2, p. 3021).  There is no such inconsistency. The provision that an action must be commenced within two years is consistent with the requirement that a claim in writing must be made within thirty days.  The Convention refers to the time within which an action must be commenced, while the clause of the ticket refers only to the time within which written claim must be made upon the carrier.

The motion to strike out the fifth defense as insufficient is accordingly denied.