James Oakey Koontz, Appellant, v. South Suburban Safeway Lines, Inc., Appellee.

Gen. No. 43,915.

Opinion filed June 25, 1947.   Rehearing denied July 17, 1947.
Released for publication July 18, 1947.

James Oakey Koontz, *pro se.*

Wetten, Pegler & Dale, of Chicago, for appellee;
Brimson Grow, of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.
On November 19, 1945 Mr. James Oakey Koontz filed
a statement of claim in the Municipal Court of Chi-
cago against South Suburban Safeway Lines, Inc.,
charging a breach of contract and asking damages of
$200.   Issue was joined.   A trial before the court
without a jury resulted in a finding and judgment
against plaintiff.   He prosecutes this appeal.
For many years the defendant has been a common
carrier of passengers for hire.   It operates motor buses,
one of its lines running between Calumet City and Chi-
cago.   On October 31, 1945, plaintiff purchased from
defendant at 63rd street and South Park boulevard,
Chicago, a 25 ride commutation ticket for a price of
$5.25.   The ticket reads: ''South Suburban Safeway
Lines, Inc. 25 Ride Commutation Ticket.   Good in
either direction between any two points where the fare
is 35 cents. This ticket is not good where the round trip
fare is over 60¢.   On Regular Service within one year
from date of sale.   This ticket must be surrendered
with Last Ride.   Subject to tariff regulations.   Price
$5.25.''   The figures ''35¢'' appear in the lower right-
hand corner.   Defendant has a station near State and
Randolph streets, Chicago.   On November 4, 1945 plain-
tiff boarded one of defendant's buses at 47th street
and South Park boulevard, Chicago.   He told the driver
he intended to travel to Calumet City and tendered
the 25 ride ticket theretofore purchased so that the

driver could punch it for one ride. Defendant's driver refused to accept the ticket so tendered and demanded that plaintiff pay a cash fare to Calumet City. Plaintiff then paid 35 cents, the fare requested.

The defendant, as a common carrier, is subject to the rules, regulations and jurisdiction of the Illinois Commerce Commission. In accordance with the procedures provided by the statutes and the rules of the Commission, the defendant at all pertinent times was operating under certain tariff schedules and regulations filed with the Commission. The tariff provided that the ticket tendered by the plaintiff was not good to or from points north of 63rd street on Route D-1. The defendant maintains that since plaintiff tendered his ticket at a point north of 63rd street on Route D-1, it was legally bound to refuse it. The ticket showed on its face that it was "subject to tariff regulations."

Because of the fact that the tariff regulations filed with the Commission are of an intricate and complex nature, it is manifestly impossible to imprint on tickets all of the rules and regulations of the tariffs. These rules and regulations are nevertheless binding upon the carrier and the passenger. The carrier may not lawfully deviate from its filed tariffs. It cannot obligate itself to deviate from the rates and conditions of the tariffs. To permit a carrier to do so would open the door to discrimination. Therefore, the judgment of the Municipal Court of Chicago is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.