**WILHELMY v. NORTHWEST AIRLINES.**

No. 2042.

United States District Court
W. D. Washington, Northern Division.

Sept. 16, 1949.

566

Kennett & McCutcheon, Seattle, Washington, Attorneys for Plaintiff.

Karr, Tuttle & Campbell, Seattle, Washington, Attorneys for defendant.

BOWEN, Chief Judge.

Plaintiff, a passenger on one of defendant's airplanes, brought this action against defendant airplane carrier for alleged negligent injury to plaintiff's inner ear and throat and for other personal injuries alleged to have been caused by defendant's negligence in operating the airplane on which plaintiff was a passenger in such a way as to cause it to descend from a high to a low altitude at a too rapid rate of descent in connection with a scheduled landing of the airplane.

Defendant denies negligence and specifically further pleads as an affirmative defense that the ticket sold to plaintiff for the flight in question contained the provision, "Sold subject to tariff regulations" and that at the time of plaintiff's flight on defendant's airplane, there was an effective tariff duly filed, posted and published which provided in effect that no action should be maintained for personal injury to a passenger unless written notice of the claim is presented in writing to the defendant within 30 days after the occurrence of the injury and unless the action is actually commenced within one year after such occurrence, but that no such notice was given and the present action was not commenced within the times respectively provided in said tariff.

Plaintiff contends, among other things, that such time limit requirements are invalid because not set out in the passenger ticket issued to plaintiff, and because the words "Sold subject to tariff regulations" printed on the ticket do not give plaintiff legal notice of the specific time limiting provisions contained in the tariff, even if the latter was on file in defendant's office.

Provisions in transportation contracts conditioning liability of the carrier upon giving notice of claim to it within 30 days after occurrence of the claim have been held valid in airplane passenger and other transportation. Indemnity Ins. Co., etc. v. Pan American Airways, D.C., 58 F.Supp. 338; Sheldon v. Pan American Airways, 190 Misc. 537, 74 N.Y.S.2d 578; Gooch v. Oregon Short Line R. Co., 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443; The Finland, D.C., 35 F.2d 47.

"The fair and reasonable meaning of the clause is that claims may not be enforced unless presented within thirty days. Any other construction would render the clause meaningless." Sheldon v. Pan American Airways, 74 N.Y.S.2d 578, 579.

I believe on the question of notice to plaintiff of the tariff regulation here in question this case is governed by the rule announced by the Supreme Court of the State of Washington in Jones v. Northwest Airlines, 22 Wash.2d 863, 157 P.2d 728. In that case, plaintiff purchased a ticket for transportation from Seattle on an eastbound plane, scheduled as Flight 6, from Seattle on a certain date. The defendant's plane departed with plaintiff as a passenger, as contemplated, but the flight was cancelled due to weather conditions at an intermediate station between the termini of the flight.

In accordance with tariff regulations, plaintiff was refused passage on the next plane, contrary to his wishes, and he brought an action against the airplane carrier to recover damages incident to such refusal. Plaintiff's ticket had printed on its face "Sold subject to tariff regulations". One of such regulations which

could have been seen by plaintiff at defendant's office provided in effect that the carrier could cancel any flight at any point at any time when the carrier deemed such action advisable and necessary.

The Court held, contrary to plaintiff's contentions, that he was bound by that tariff regulation and that under it he had no right to accommodations on subsequent flights to the exclusion of other passengers scheduled for those flights. The Court specifically held, 22 Wash.2d at page 865, 157 P.2d at page 729, that "His (plaintiff's) ticket was sold subject to tariff regulations with which he was charged with notice."

On the question of whether plaintiff should be by the words on her ticket "Sold subject to tariff regulations" held bound to take notice of tariff regulations respecting time limits for filing written notice of claim and commencing suit, the following language of the appellate court of Illinois in Koontz v. South Suburban Safeway Lines, 332 Ill.App. 14, 73 N.E.2d 919, at page 920, is in point: "Because of the fact that the tariff regulations filed with the Commission are of an intricate and complex nature, it is manifestly impossible to imprint on tickets all of the rules and regulations of the tariffs. These rules and regulations are nevertheless binding upon the carrier and the passenger. The carrier may not lawfully deviate from its filed tariffs. It cannot obligate itself to deviate from the rates and conditions of the tariffs. To permit a carrier to do so would open the door to discrimination."

The foregoing observations relating to time limiting tariff provisions are true equally with notice of claim and suit bringing time limits.

The validity of the incorporation of tariff provisions into the carriage contract merely by a contract reference to the tariff is not confined to actions on contract. That method of incorporating tariffs into the carriage contract is just as effective in cases involving tort actions.

■ A tariff regulation, once proved to have become effective, may be presumed to have remained in effect after its effective date, see 31 C.J.S., Evidence, § 124, page 736 and page 744 for general statements. From the case of Texas & N. O. R. Co. v. Miller & Co., La.App., 4 So.2d 762, I quote from Syllabus 6: "In railroad company's action for balance due on freight charges, the introduction in evidence of plaintiff's published tariffs, showing that they became effective before dates of shipments involved, raised presumption that they were still in effect at times of such shipments and placed on defendants the burden of showing that they expired or were cancelled before such times."

■ The Court in this case holds that from a preponderance of the evidence it has been established to the satisfaction of the Court that the tariffs limiting the time for filing notice of claim of personal injury and limiting the time for commencing suit as stated in the tariffs became effective before this action was brought and that in the absence of some proof to the contrary such tariff provisions so limiting the time for doing the acts in question are presumed to have been and remained in effect at all times material to this action.

Evidence adduced at the trial in the case at bar failed to convince the Court that the defendant has expressly or impliedly waived its defense of non-compliance by plaintiff with the above-mentioned time limit provisions for giving written notice of claim and for commencing the action.

This Court is of the opinion that the rule of the Cackette case relied upon by plaintiff does not apply here because in that case the ten-day notice of claim requirement was, in accordance with other decided cases, unreasonable and invalid. In expressing the opinion and ruling in the case at bar, I do not say that any contract time limit for giving notice of claim or for commencing suit is to be regarded as valid merely because it is stated in the contract of transportation. The test of reasonableness must be met and is to be given proper consideration upon the facts disclosed by each case.

■ In the case at bar, this Court holds that the thirty-day written notice of claim requirement and the one-year limit for commencing suit provision in the transpor-

tation contract here in suit are reasonable and valid.

By reason of such ruling, it is the finding, conclusion and decision of the Court that plaintiff take nothing by her action or by reason of the matters and things alleged in her complaint herein.

Mr. Kennett: "Would Your Honor make a finding as to existence or non-existence of negligence as alleged and also as to damages so that in the event the circuit court took a different view on these defenses, the necessity of a second trial would be avoided?"

The Court respectfully declines to do that, feeling that the decision announced upon the issues deemed by the Court controlling sufficiently disposes of the case at this time, and if a reviewing court should take a different view from that here expressed by this Court, I prefer to decide those issues only upon that contingency. It might even be, if the appellate court should reverse this Court's decision, that this Court might want to hear additional evidence upon the question of the amount of damages.