GLENN et al. v. COMPANIA CUBANA DE AVIACION, S. A., et al.

Civ. A. No. 3968–M.

United States District Court
S. D. Florida, Miami Division.

Feb. 1, 1952.

Patterson, Freeman, Richardson & Watson and Goldstein & Goldstein, Jacksonville, Fla., for plaintiff.

Smathers, Thompsom, Maxwell & Dyer, Miami, Fla., for defendants Compania Cubana de Aviacion, S. A., and Pan American World Airways, Inc.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for the United States.

HOLLAND, Chief Judge.

This is a suit brought by Marjorie Jean Glenn and Robert Baltzell Glenn, Jr., minors, by John R. Glenn as guardian of the property of said minors, against Compania Cubana de Aviacion, S. A., a Cuban corporation, Pan American World Airways, Inc., a New York corporation, and the United States of America. The action is brought to recover damages for the death of the parents of the minors, citizens of Florida.

The complaint, in effect, charged that death resulted from a collision in flight of a naval plane of the United States and the plane upon which the decedents were riding as passengers, and from the negligence of all three defendants.

Decedents were being carried as passengers for hire from Miami, Florida, to Havana, Cuba, and return.

The matter is before the court on plaintiffs' motions to strike certain portions of each of the defendants' answers.

It appears to the court that there are two important questions in connection with the issues now raised. They are as follows:

(1) Can the defendant Compania Cubana de Aviacion S. A., receive the benefit of the exemptions from and limitations to liability of the Convention for the Unification of Certain Rules Relating to International Transportation by Air and additional Protocol signed at Warsaw, October 29, 1929, commonly referred to as the Warsaw Convention, although Cuba is not a high contracting party, and

(2) Can a person maintain an action for injuries against a carrier operating under the provisions of a tariff which provide that notice of claim of injury must be filed within 30 days of the occurrence thereof, where no such notice was given.

I shall first discuss the applicability of the Warsaw Convention which is found in Volume 49 United States Statutes at Large, Part 2, page 3000, et seq.

In Chapter I, Article 1, of the Convention it is provided that the Convention applies to "all international transportation of persons * * * performed by aircraft for hire." Said Article 1 further reads, in part, as follows: "(2) For the purposes of this convention the expression 'international transportation' shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention."

I have not been referred to any case in which the carrier, claiming the benefits of the exemptions from and limitations to liability contained in the Warsaw Convention, has been a national of a noncontracting party.

However, in the case of Garcia v. Pan American Airways, Inc., 269 App.Div. 287, 55 N.Y.S.2d 317, 322, affirmed 295 N.Y. 852, 67 N.E.2d 257, certiorari denied 329 U.S. 741, 67 S.Ct. 79, 91 L.Ed. 640 and 338 U.S. 824, 70 S.Ct. 70, 94 L.Ed. 500, the court uses the following language: "The Convention is not concerned with reciprocal treatment of nationals; its purpose is to unify rules relating to international transportation by air. There is nothing in the Convention which conditions its application upon nationality but, on the contrary, its provisions affect the rights of all litigants. It must be so enforced." In the Garcia case the contention had been made that the Convention did not apply, as both passenger and carrier were citizens of the same nation, the United States.

It is to be noted that the Convention makes no reference to the citizenship of passengers and carriers, but bases the applicability of its provisions entirely upon the character and nature of the transportation, as defined and limited in Chapter I, Article 1.

As stated by the Supreme Court in Rocca v. Thompson, 223 U.S. 317, 32 S.Ct. 207, 210, 56 L.Ed. 453: "It is further to be observed that treaties are the subject of careful consideration before they are entered into, and are drawn by persons competent to express their meaning, and to choose apt words in which to embody the purposes of the high contracting parties."

It is my opinion that the Convention was designed to provide an international code declaring the rights and liabilities of parties to international carriage contracts by air and is to be applied by the courts of the various countries adopting the Convention. Grein v. Imperial Airways, Ltd., (1937) 1 K.B. 50, 1 Avi. 622. And this is true regardless of the citizenship of either carrier or passenger. I, therefore, hold, on the pleadings, that the provisions of the Convention apply,

irrespective of the Cuban citizenship of the defendant carrier Cubana.

As to the second question, the Rules and Regulations' Tariff No. RR-1, under which the defendant carriers were operating, reads, in part, as follows: "The provisions of this Tariff and those which it covers, including provisions covering liability, which refer to carriers shown herein as 'Pan American Participating Carriers' shall become a part of contract of carriage applicable to such carriers.

\*   \*   \*   \*   \*   \*

"*Rule (22) Claims*: No action shall be maintained for loss or damage to the property or baggage of a passenger or for injury to his person, or for any delay in transportation, unless notice of the claim is filed in writing at the office of the carrier on whose lines the loss, damage, injury or delay occurred, within thirty (30) days after such occurrence, and unless the action, if any, is actually commenced within one year after such occurrence."

· The court is familiar with the case of Gooch v. Oregon Short Line R. Co., 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443, but in that case the provision for notice was contained in a stipulation signed by the passenger who was carried by the railroad as a drover without extra charge. There is no signed stipulation in the instant case and decedents were passengers being carried for hire.

Numerous cases are cited to the court by the defendants Cubana and Pan American, but in most of these the provision as to notice was fully set out on the face of the transportation contract or ticket. See The Finland, D.C., 35 Fed.2d 47, Lee v. Swedish-American Line, D.C., 6 F.Supp. 342, Indemnity Insurance Co. of North America v. Pan American Airways, Inc., D.C., 58 F.Supp. 338, Sheldon v. PAA, 190 Misc. 573, 74 N.Y.S.2d 578.

The provision as to notice of claim is not set out on the face of the tickets or contracts of transportation in the case now under consideration and although there is some authority to the contrary, I feel that this distinguishes this case from the Gooch case.

■ I am of the opinion, and so hold, that the provisions in the Tariff are not effective so as to constitute a defense to the action of the plaintiff in the instant case.

■ However, if I had found that a valid defense would have been so constituted upon failure to give such 30 days' notice, under the facts herein I would hold that the defendants had actual notice of the occurrence resulting· in the death of decedents, that defendant airlines were not prejudiced by failure to give such notice, and that the defense as to failure to give notice would not be good under these circumstances.

I shall now apply the foregoing to the issues raised by the motions now being considered.

Plaintiffs' Motion to Strike Defenses of Compania Cubana de Aviacion, S. A.:

■ Second Defense: Although the court holds that the Warsaw Convention applies to the carriage of decedents in this case, there is no allegation in the defense that passenger tickets were delivered to decedents and under Chapter II, Section 1, Article 3 of the Convention "if the carrier accepts a passenger without a passenger ticket having been delivered he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability", the court, therefore, sustains plaintiffs' motion to strike the Second, Separate and Complete Defense of Amended Answer of Defendant Compania Cubana de Aviacion, S. A., with leave to amend within 10 days from the entry of this order.

■ Third Defense: This defense is vague and the court is unable to understand if decedents were being carried under passenger tickets issued by defendant Pan American or by defendant Cubana, or if defendant Cubana and decedents agreed that tickets issued by defendant Pan American would be adopted by them, or just what the situation was in this regard. The court feels that the facts and contentions of defendant Cubana should be set out definitely. The court, therefore, sustains plaintiffs' motion to strike the Third, Sep-

arate and Complete Defense of Amended Answer of Defendant Compania Cubana de Aviacion, S. A., with leave to amend within 10 days from the entry of this order.

Fourth Defense: The court sustains plaintiffs' motion to strike the Fourth, Separate and Complete Defense of Amended Answer of Defendant Compania Cubana de Aviacion, S. A., without leave to amend.

Plaintiffs' Motion to Strike Defenses of Pan American World Airways, Inc.:

Second Defense: There is no allegation in this defense that passenger tickets were delivered to decedents and, therefore, by virtue of Chapter II, Section 1, Article 3 of the Convention and in particular the portion thereof above quoted, the court sustains plaintiffs' motion to strike the Second, Separate and Complete Defense of Defendant Pan American Airways, Inc., with leave to amend within 10 days after the entry of this order.

Third Defense: The court denies plaintiffs' motion to strike the Third, Separate and Complete Defense of Defendant Pan American Airways, Inc.

Fourth Defense: The court sustains plaintiffs' motion to strike the Fourth, Separate and Complete Defense of Defendant Pan American Airways, Inc., without leave to amend.

Plaintiffs' Motion to strike directed to the answer of United States of America:

The two questions fully discussed above are not applicable here, and inasmuch as no peculiar questions are involved, the court makes the following ruling without comment:

The court sustains plaintiffs' motion to strike the Fourth, Ninth, Eleventh and Twelfth defenses of the defendant United States of America.

The court denies plaintiffs' motion to strike the Sixth, Seventh, Eighth and Tenth defenses of the United States of America.

Plaintiffs have also filed as part of their Motion to Strike, motions for leave to reply to affirmative matter contained in the answers of defendants Cubana and Pan American. The Second, Third and Fourth defenses of Cubana having been stricken,

the court denies plaintiffs' Motion for Leave to Reply.

The court grants plaintiffs' Motion for Leave to Reply to the Third defense of Pan American World Airways, Inc., that portion of the motion designated as "2" on page 5 thereof. The court denies said motion in all other respects.