Ruth M. NOEL and Wm. H. Frantz, Executors of the Estate of Marshal L. Noel, Deceased, Plaintiffs,

v.

LINEA AEROPOSTAL VENEZOLANA, Defendant.

United States District Court
S. D. New York.

Nov. 29, 1956.

---

1. There was a question as to the amount of the verdict, if it would be in favor of the plaintiff, because, in reference to this problem, the jury had to decide whether the plaintiff had acted reasonably to minimize the damages when he earned only $1,600 during the balance of the contract year.

**163**

Harry Norman Ball, Joseph G. Feldman, Philadelphia, Pa., Lipper, Shinn & Keeley, New York City, for plaintiffs. Morris L. Weisberg, Philadelphia, Pa., of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant. William J. Junkerman, Douglas B. Bowring, New York City, of counsel.

CASHIN, District Judge.

This is an application to dismiss the plaintiffs' second amended complaint on the ground that the Court lacks civil jurisdiction over the subject matter. The original complaint in this action, as amended on oral argument, was dismissed by this Court on August 22, 1956, 144 F.Supp. 359, on the ground that the Court lacked civil jurisdiction over the subject matter.

On this motion defendant also raises what we consider well-founded objections to the plaintiffs' mode of procedure. However, in the interest of expediting this action, we will consider the plaintiffs' complaint as now amended.

Plaintiffs' original complaint, as amended on oral argument of defendant's original motion to dismiss, alleged two claims for damages for the death of a passenger on an aircraft owned and operated by the defendant, enroute from New York, N. Y. to Caracas, Venezuela, it being alleged that the aircraft crashed into the ocean, causing the passenger's death. The first claim for damages was based on the Federal Death on the High Seas Act (41 Stat. 537, 46 U.S.C.A. §§ 761–767). The second was based on the "Warsaw Convention". 49 Stat. 3000.

The Court dismissed the first amended complaint (Cashin, J., Opinion dated August 22, 1956) on the ground that the Federal Death on the High Seas Act, supra, did not give the plaintiffs a civil cause of action but did give them a cause of action in admiralty and, therefore no cause of action under the "Warsaw Convention".

The complaint now before the Court contains one new or different allegation in that it is now alleged that the decedent passenger died while on board defendant's aircraft, which was then in the airspace above the Atlantic Ocean at a point approximately thirty miles from Asbury Park, New Jersey. Plaintiffs now contend that this allegation places their case outside the admiralty jurisdiction of the Court and gives them the right to bring an action on the civil side under the "Warsaw Convention".

Neither authority (Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459, affirmed 293 N.Y.

**164**

878, 59 N.E.2d 785, certiorari denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432; Choy v. Pan American Airways Co., Inc., D.C.S.D.N.Y., 1941 A.M.C. 483), the language of the Statute nor the dictates of common sense sustain a holding that the fulfillment of the jurisdictional requirements of the Federal Death on the High Seas Act is to be governed by the determination of such an elusive fact as whether a person died above, on or in the sea.

We, therefore, do not think plaintiffs' additional or new allegation distinguishes their complaint from its predecessor and so we adhere to our original decision. Defendant's motion to dismiss the complaint on the grounds that the Court does not have jurisdiction of the subject matter of the suit as a civil action, is granted.