**Lucia De J. D'ALEMAN, Administratrix, etc., Plaintiff-Appellant,**

v.

**PAN AMERICAN WORLD AIRWAYS, Inc., Defendant-Appellee.**

**No. 355, Docket 25008.**

United States Court of Appeals
Second Circuit.

Argued May 7, 1958.

Decided Oct. 2, 1958.

Louis R. Harolds, New York City (Standard, Weisberg, Harolds & Malament, New York City, on the brief), for plaintiff-appellant.

William J. Junkerman, New York City (James B. McQuillan, Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellee.

Before WATERMAN and MOORE, Circuit Judges, and GALSTON, District Judge.

MOORE, Circuit Judge.

Plaintiff, as administratrix of the estate of her deceased husband, Aurelio D'Aleman, has asserted two claims for wrongful death against defendant, Pan American World Airways, Inc. The first cause of action alleged, in substance, that death "was occasioned by the negligence of the defendant * * * and the unairworthiness of the aircraft involved." The second cause of action was based upon an alleged failure "to provide adequate medical care and attention to the deceased" (Amended complaint, pars. Seventh, Twelfth, as further amended on the trial).

The events giving rise to the first cause of action occurred over the high seas

and to the second cause of action in the State of Virginia, although death ultimately took place in the State of New York. The trial court heard the first cause of action under the Federal Death on the High Seas Act, 46 U.S.C.A. §§ 761–767, 41 Stat. 537, in admiralty, without a jury; the second cause of action was submitted to the jury under the Virginia Death Statutes. The trial court decided the admiralty cause of action on the merits in favor of defendant; the jury also returned a verdict for the defendant on the action alleging failure to provide adequate treatment.

Plaintiff bases her appeal on two principal grounds: (1) that the court erred in trying the first cause of action in admiralty and in not sending it to the jury; and (2) that the court erred in the second cause of action in excluding certain medical testimony and records.

The facts material to a decision are not in dispute. On April 13, 1951 the deceased boarded defendant's plane in Puerto Rico to come to New York. The plane was detained for an hour or two for engine repairs. Some three to four hours out and while over the ocean trouble developed with the oil pressure in the number one engine. The captain decided to "feather" that engine and to fly on the three remaining engines. He requested a clearance to land at Bermuda, about 370 miles away, but because of adverse weather conditions there, the plane proceeded to Norfolk, Virginia where it made a normal landing. The passengers were advised while en route of the situation and the reasons for the change of course. There was no evidence whatsoever as to any physical injury or trauma either in the plane or upon any landing.

Plaintiff's claim (first cause of action) is that the deceased became so terrified by the feathering of the engine and the announcement of the unscheduled landing at Norfolk that he went into a state of shock which, four days later, in New York, resulted in his death. After hearing all the evidence the trial court said "I find no fault of the defendant in the maintenance of the plane, and I find no perceptible abnormal movement of the plane, and I find no illness of the deceased before landing in Norfolk, Virginia, and that claim is therefore dismissed" (117a, 118a). These conclusions are amply supported by the credible evidence; in fact, no other conclusions would have been warranted. The control of a ship or an airplane must, of necessity, be entrusted to the captain. Whether an engine should be feathered, whether one course as against another should be followed, whether the plane should fly over or under a storm, are all decisions within his judgment and discretion. Every traveler by land, sea or air must be presumed to know that unexpected events may create operational problems requiring the exercise of judgment by those in charge. Not infrequently if engine trouble develops planes return to the point of departure or seek other landing fields as a measure of precaution and safety. Such experiences may not be pleasant to the passengers and may well cause some apprehension. Thus when a plane encounters air turbulence it would only be a mental dullard who would not undergo sensations of nervousness while the plane was being tossed about. However, carriers cannot be responsible for the individual characteristics of each passenger. To hold otherwise would be to impose a duty of a complete medical and psychiatric examination of all passengers and then to adopt a rule of absolute liability in the event that any undiscovered condition was aggravated by some incident of the flight.

The sole appellate point presented as to the first cause of action is whether the trial court should have heard this cause of action in admiralty.

The Federal Death on the High Seas Act was enacted to create a right of action whenever death was "caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, * * * *" and authorized the personal representative of the decedent to "maintain a suit for damages in the district

courts of the United States, in admiralty, * * * " (section 761).

The purpose of the Act was to create a uniform cause of action where none existed before and which arose beyond the territorial limits of the United States or any State thereof. When the Act was passed (March 30, 1920) the only feasible way to be carried beyond the jurisdiction of any law applicable to wrongful death was by ship. However, with the development of the transoceanic airship the same extraterritorial situation was made possible in the air. The Act was designed to create a cause of action in an area not theretofore under the jurisdiction of any court. The means of transportation into the area is of no importance. The statutory expression "on the high seas" should be capable of expansion to, under, or, over, as scientific advances change the methods of travel. The law would indeed be static if a passenger on a ship were protected by the Act and another passenger in the identical location three thousand feet above in a plane were not. Nor should the plane have to crash into the sea to bring the death within the Act any more than a ship should have to sink as a prerequisite.

The reasons for holding that the Act should apply to air travel are well stated in Choy v. Pan American Airways Co., 1941 A.M.C. 483, at pages 484–485 (S.D. N.Y., Clancy, J.).

"The statute certainly includes the phrase 'on the high seas' but there is no reason why this should make the law operable only on a horizontal plane. The very next phrase 'beyond a marine league from the shore of any State' may be said to include a vertical sense and another dimension. * * * The Death on the High Seas Act was intended to confer a right and we recognize no reason why its language should be narrowly construed whatever doubt may now exist that a given set of facts was in the minds of any of the legislators who framed or adopted it. Laws giving a right of action

for tort are never definite in their language and intentionally so. This follows from their nature for no one can imagine all the exigencies out of which causes of action arise and legislators wisely refrain from attempting to state them.

" * * * We are inclined to hold, therefore, that the Death on the High Seas Act confers a right upon the plaintiff."

The same conclusion was reached in Noel v. Linea Aeropostal Venezolana, (D.C.S.D.N.Y.1956, 154 F.Supp. 162, at page 163, Cashin, J.), affirmed 2 Cir., 247 F.2d 677, in which he said:

"Neither authority (Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459, affirmed 293 N.Y. 878, 59 N.E.2d 785, certiorari denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432; Choy v. Pan American Airways Co., Inc., D.C.S.D.N.Y., 1941 A.M.C. 483), the language of the Statute nor the dictates of common sense sustain a holding that the fulfillment of the jurisdictional requirements of the Federal Death on the High Seas Act is to be governed by the determination of such an elusive fact as whether a person died above, on or in the sea."

In Higa v. Transocean Airlines, 9 Cir., 1956, 230 F.2d 780, the Ninth Circuit and in Noel v. Linea Aeropostal Venezolana, 2 Cir., 1957, 247 F.2d 677, this Circuit refrained from passing "on the question of whether the Act grants a right of action for deaths in the airspace" (Noel, supra, at page 680). This court there chose a narrower ground for decision and concluded "that any rights created by that Act are cognizable only in admiralty and hence the action was properly dismissed from the civil side" (Id. at page 680).

The facts of the case now before the court make a direct ruling on the question appropriate. To give to passengers on ships protection of the Act and deny similar rights to passengers in the air

would amount to unjustifiable and highly technical discrimination.

■ We, therefore, now hold that the Death on the High Seas Act grants a right of action in admiralty for death caused by wrongful act, neglect or default occurring in the air space over the high seas and that the trial court properly heard the case in admiralty.

■ As to the second cause of action the jury's verdict disposed of plaintiff's claim on the merits. The only error relied upon by appellant is the exclusion of certain medical testimony. However, this exclusion was caused by appellant's own objections to the introduction of medical records. When defendant offered hospital records of the Clinica Julia in Puerto Rico, appellant objected on the ground that they were inadmissible because of sections 352 and 354 of the New York Civil Practice Act. Similar objections were then made when appellant offered records of the Flushing and Kings County hospitals. Thereupon defendant's counsel offered "to stipulate with plaintiff's counsel to permit the introduction into evidence of the Flushing Hospital records and the Kings County Hospital records of this deceased, which he has offered, plaintiff's counsel has offered, provided he will stipulate that I may introduce into evidence the hospital records of the Pavia Clinic and the Julia Clinic that have been referred to by the testimony of the previous witness. If those are admitted, I would permit these to be admitted. * * * But the thing I will not concede is to permit plaintiff's counsel to put in this part of the case and have the jury believe that this man only had these symptoms and only had these conditions after this accident, when the fact is just the reverse" (25a, 26a). Plaintiff's counsel refused to waive his objection or to stipulate on the ground that "the administratrix may not waive anything which might tend to disgrace the memory of the deceased" (26a).

The appellant cannot take advantage of section 352 and 354 of the Civil Practice Act as to some testimony unfavorable to her and seek to waive these provisions as to that portion which she deems favorable. The offer of defendant's counsel that all records bearing upon the deceased's physical condition be received was fair. The jury then could have evaluated the Flushing and Kings County Hospital records against the background of the deceased's condition revealed in the Pavia and Julia Clinic records. To have admitted the Flushing and Kings County records and excluded the Pavia and Julia records would have given a very distorted picture of the fact situation. The trial court correctly ruled on this subject.

Judgment affirmed.

WATERMAN, Circuit Judge (concurring).

I concur in the result the majority has reached but I would add to their opinion.

I would hold that Congress acted within the constitutional power granted to it when it created the rights of action in admiralty found in the Death on the High Seas Act; and I would further state that the extension of the rights of action in admiralty therein granted so as to include rights of action for death resulting from events in the air space above the high seas is not an unconstitutional interpretation or an improper extension of that proper grant of jurisdiction.

Further, I believe it pertinent to point out that the Congress in enacting 46 U.S.C. § 761 superseded state created causes of action for wrongful death arising from events occurring on the high seas. Wilson v. Transocean Airlines, D.C.N.D.Cal.1954, 121 F.Supp. 85. And see Echavarria v. Atlantic & Caribbean Steam Nav. Co., D.C.E.D.N.Y.1935, 10 F.Supp. 677.