# WEBER *v.* FREED, DEPUTY COLLECTOR OF UNITED STATES CUSTOMS.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW. JERSEY.

No. 644. Argued December 1, 1915.—Decided December 13, 1915.

That the power of Congress over foreign commerce is complete has been so thoroughly settled by former decisions of this court, that to question it is frivolous.

Congress has power to prohibit importation of foreign articles from abroad, including pictorial representations of prize fights designed for public exhibition; and so *held* that the act of July 31, 1912, prohibiting such importation is not unconstitutional.

The fact that exhibitions of pictures are under state, and not Federal, control does not affect the power of Congress to prohibit importation of articles from foreign countries to be exhibited.

The motive of Congress in exerting its plenary power cannot be considered for the purpose of refusing to give effect to such power when exercised.

224 Fed. Rep. 355.

THE facts, which involve the constitutionality of the act of July 31, 1912, prohibiting the importation of pictorial representations of prize fights, are stated in the opinion.

Mr. *Benjamin F. Spellman*, with whom Mr. *Charles A. Towne* was on the brief, for the appellant:

The act of July 31, 1912, c. 263, §§ 1, 2, and 3, is unconstitutional and void because in violation of Amendments IX and X to the Constitution of the United States.

Section one is unconstitutional and void and beyond the power of Congress to enact under par. 3 of § 8, Art. I, of the Constitution, commonly called the Commerce Clause, as applied to the exclusion from entry into the United States of photographic-film positives by the owner designed to be used for purposes of public exhibition in the United States under his personal management, control and supervision, and not for the purpose of traffic, sale or commerce.

Photographic-film positives, imported by the owner, designed to be used for purposes of public exhibition by him and not for purposes of traffic, sale or commerce, are not articles of commerce.

The public exhibition of motion pictures is not commerce; and hence the photographic-film positives referred to in this case, being "designed to be used" for purposes of such exhibitions, are not instrumentalities of commerce.

In support of these contentions see *Adair* v. *United States*, 208 U. S. 161; *Almy* v. *California*, 24 How. 169; *Athanasaw* v. *United States*, 227 U. S. 326; *Bacon* v. *Walker*, 204 U. S. 311; *Boland* v. *United States*, 236 U. S. 216; *Bowman* v. *Chicago &c. Ry.*, 125 U. S. 465; *Brown* v. *Maryland*, 12 Wheat. 419; *Buttfield* v. *Stranahan*, 192 U. S. 470; *County of Mobile* v. *Kimball*, 102 U. S. 691; *Crutcher* v. *Kentucky*, 141 U. S. 47; *Diamond Glue Co.* v. *United States*, 187 U. S. 611; *Diamond Match Co.* v. *Roeber*, 106 N. Y. 473; *Engel* v. *O'Malley*, 219 U. S. 128; *Gibbons* v. *Ogden*, 9 Wheat. 1; *Gloucester Ferry Co.* v.

*Pennsylvania,* 114 U. S. 196; *Hipolite Egg Co.* v. *United States,* 220 U. S. 45; *Hoke* v. *United States,* 227 U. S. 308; *Hooper* v. *California,* 155 U. S. 648; *Hopkins* v. *United States,* 171 U. S. 578; *International Textbook Co.* v. *Pigg,* 217 U. S. 91; *Keller* v. *United States,* 213 U. S. 139; *Kidd* v. *Pearson,* 128 U. S. 1; *License Cases,* 5 How. 504; *Lottery Cases,* 188 U. S. 321; *Metropolitan Opera Co.* v. *Hammerstein,* 162 App. Div. 691; *Nathan* v. *Louisiana,* 8 How. 73; *N. Y. Life Ins. Co.* v. *Cravens,* 178 U. S. 389; *Passenger Cases,* 7 How. 283; *Paul* v. *Virginia,* 8 Wall. 168; *Pensacola Tel. Co.* v. *West. Un. Tel. Co.,* 96 U. S. 1; *People* v. *Klaw,* 55 Misc. (N. Y.) 72; *Pickard* v. *Pullman,* 117 U. S. 34; *Pittsburg &c. Coal Co.* v. *Bates,* 156 U. S. 577; *Railroad Co.* v. *Husen,* 95 U. S. 465; *Second Employers' Liability Cases,* 223 U. S. 1; *Thorpe* v. *R. Co.,* 27 Vermont, 149; *United States* v. *Addyston Pipe Co.,* 85 Fed. Rep. 271; *S. C.,* 175 U. S. 211; *United States* v. *Holliday,* 3 Wall. 407; *United States* v. *Popper,* 98 Fed. Rep. 423; *U. S. Fidelity Co.* v. *Kentucky,* 231 U. S. 394; *Weber* v. *Freed,* 224 Fed. Rep. 355; *West. Un. Tel. Co.* v. *Kansas,* 216 U. S. 1; *Williams* v. *Fears,* 179 U. S. 270.

*Mr. Assistant Attorney General Warren* for the United States, submitted:

The contention that Congress cannot prohibit the importation of motion-picture films intended for purposes of exhibition is frivolous, and the court should, therefore, decline jurisdiction.

The power of Congress to regulate commerce with foreign nations includes the prohibition of the introduction, importation, or transportation from abroad of any tangible object which may be used for any gainful purpose, regardless of the use which the importer himself intends to make of it. Prize-fight films are articles of commerce; and their importation for public exhibition is commercial intercourse.

In support of these contentions, see *Brolan* v. *United States*, 236 U. S. 216; *Buttfield* v. *Stranahan*, 192 U. S. 470; *Covington Bridge Co:* v.. *Kentucky*, 154 U. S. 204; *In re Debs*, 158 U. S. 564; *Doyle* v. *Continental Ins.* Co., 94 U. S. 535; *Hipolite Egg Co.* v. *United States*, 220 U. S. 45; *Hoke* v. *United States*, 227 U. S. 308; *Int. Comm. Comm.* v. *Brimson*, 154 U. S. 447; *Lottery Case*, 188 U. S. 321; *Mutual Film Corp.* v. *Kansas*, 236 U. S. 248; *Mutual Film Corp.* v. *Ohio Commission*, 236 U. S. 230; *Northern Securities Co.* v. *United States*, 193 U. S. 197; *Pipe Line Cases*, 234 U. S. 548; *The Abby Dodge*, 223 U. S. 166; *United States* v. *Marigold*, 9 How. 560; *United States* v. *Motion Picture Co.*, 225 Fed. Rep. 800; Edward B. Whitney, Development of Interstate Commerce Power, Michigan Law Review, vol. I, p. 614.

MR CHIEF JUSTICE WHITE delivered the opinion of the court.

The act of July 31, 1912, § 1, c. 263, 37 Stat. 240, makes it unlawful "to bring or to cause to be brought into the United States from abroad, any film or other pictorial representation of any prize fight or encounter of pugilists,. under whatever name, which is designed to be used or may be used for purposes of public exhibition." With this provision in force, in April, 1915, the appellant brought to the port of entry of the City of Newark in the State of New Jersey photographic films of a pugilistic encounter or prize fight which had taken place at Havana and demanded of the deputy collector of customs in charge the right to enter the films. On refusal of the official to permit the entry appellant filed his bill of complaint to enforce the right to enter by a mandatory injunction and by other appropriate relief to accomplish the purpose in view. The ground relied on for the relief was the averment that the prohibition of the act of Con-

gress in question was repugnant to the Constitution because in enacting the same "Congress exceeded its designated powers under the Constitution of the United States and attempted, under the guise of its powers under the Commerce Clause, to exercise police power expressly reserved in the States." The collector moved to dismiss on the ground that the bill stated no cause of action because the assailed provision of the act of Congress was constitutional and therefore on the face of the bill there was no jurisdiction to award the relief sought.

The motion was sustained and a decree of dismissal was rendered, and it is this decree which it is sought to reverse by the appeal which is before us, the propositions relied upon to accomplish that result but reiterating in various forms of statement the contention as to the repugnancy to the Constitution of the provision of the act of Congress. But in view of the complete power of Congress over foreign commerce and its authority to prohibit the introduction of foreign articles recognized and enforced by many previous decisions of this court, the contentions are so devoid of merit as to cause them to be frivolous. *Buttfield* v. *Stranahan,* 192 U. S. 470; *The Abby Dodge,* 223 U. S. 166, 176; *Brolan* v. *United States,* 236 U. S. 216.

It is true that it is sought to take this case out of the long-recognized rule by the proposition that it has no application because the assailed provision was enacted to regulate the exhibition of photographic films of prize fights in the United States and hence it must be treated not as prohibiting the introduction of the films, but as forbidding the public exhibition of the films after they are brought in—a subject to which, it is insisted, the power of Congress does not extend. But aside from the fictitious assumption on which the proposition is based, it is obviously only another form of denying the power of Congress to prohibit, since if the imaginary premise and proposition based on it were acceded to, the contention

would inevitably result in denying the power in Congress to prohibit importation as to every article which after importation would be subject to any use whatever. Moreover, the proposition plainly is wanting in merit, since it rests upon the erroneous assumption that the motive of Congress in exerting its plenary power may be taken into view for the purpose of refusing to give effect to such power when exercised. *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535, 541; *McCray* v. *United States*, 195 U. S. 27, 53–59; *Calder* v. *Michigan,* 218 U. S. 591, 598.

*Affirmed.*