## RINGK & Co. *v.* UNITED STATES (No. 2021).[1]

1. CLASSIFICATION DETERMINED BY CONDITION OF MERCHANDISE AT IMPORTATION.

    Merchandise which may at one time have been a braid or plait, but which, at the time of importation, is not, can not be so classified, since the condition of the merchandise at the time of importation determines its classification.

2. CONSTRUCTION, PARAGRAPH 335, TARIFF ACT OF 1913—"BRAIDS"—"PLAITS."

    There seems to be little, if any, difference in meaning between the word "braids" and the word "plaits" in paragraph 335, tariff act of 1913. Two threads twisted together can not be regarded as a braid or plait.

3. HEMP CHENILLE.

    Merchandise known as hemp chenille, made on a machine by braiding one hemp and two cotton threads and contemporaneously cutting the hemp thread so that the finished product is two tightly twisted cotton threads with pieces of hemp thread sticking through the twists is not classifiable under paragraph 335, tariff act of 1913, as "braids" or "plaits." The decision of the Board of United States General Appraisers affirming the collector's classification as a manufacture of hemp under paragraph 284 is affirmed.

4. CONSTRUCTION—STATUTES MUST BE CONSTRUED AS WRITTEN.

    If the plain and necessary construction of a tariff paragraph should lead to the incongruous result of taxing the material for a manufacture at a higher rate than the manufacture itself, the remedy is legislative and not judicial.

### United States Court of Customs Appeals, April 10, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43439.

[Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson.* Assistant Attorney General (*Martin T. Baldwin* and *John J. Mulvaney,* special attorneys, of counsel), for the United States.

[Oral argument Mar. 25, 1920, by Mr. Brown and Mr. Baldwin.]

Before MONTGOMERY, SMITH, BARBER DE VRIES. and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The issue in this case is whether the merchandise is or is not a braid or plait under paragraph 335 of the act of 1913. If it is either, it is conceded to possess other characteristics that make it dutiable thereunder at 15 per cent ad valorem, and that is the importers contention.

It was assessed as a manufacture of hemp under paragraph 284, and if the importers' claim is not sustained, the assessment was correct.

Of course the importers assume the burden of showing not only that the assessment is incorrect but also that this merchandise is a braid or plait. It seems, and importers concede, that there is little if any difference between the meaning of these two terms.

The article before us was produced by a machine that is used in making silk chenille; one hemp and two cotton threads were used,

---

[1] T. D. 38372 (38 Treas. Dec., 320).

and, quoting the language of importers' witness upon that subject and upon which they rely, it was made—

by twisting two threads together and intertwining or interbraiding a thread of hemp, and as it is being intertwined it is cut.

He further explained that it was the hemp thread only that was cut. The result is two small cotton threads tightly twisted together from which project the ends of the hemp thread cut as above described. Speaking of this the witness said:

There should be a thread of hemp between each twist. Sometimes the thread being of a stiff nature might drop out before this twisting operation.

No question of commercial designation is presented, and therefore the words "braids" or "plaits" must be given their ordinary meaning, and the importers' contention substantially is that this commodity is a braid or a plait, because it is produced by the "intertwining or interbraiding" process above described. This interpretation of the evidence excludes the balance of the process; that is, that concurrently the hemp thread is cut.

In other words, assuming the process would have resulted in a braid had not the cutting of the hemp thread been contemporaneously accomplished, the importers contend that with the hemp thread cut the article is still a braid.

The language of Weller, General Appraiser, in Abstract 43241 relating to similar merchandise and wherein the board reached the same conclusion as in this case, so well describes the article that we adopt it:

The twisting of the cotton threads gives the cross hemp threads a spiral formation much the same as is seen in certain kinds of bottle washers where the cross threads of fibers are of coarser material and are held together by twisted wires instead of twisted cotton.

It should be said that the article before us is much smaller than the ordinary bottle washer.

The product of the machine must be regarded as in its finished rather than in its intermediate state, and we do not think it is either a braid or a plait.

The common meaning of these words, confirmed by the dictionaries, which it is unnecessary to quote, is such that two threads twisted together would hardly be regarded as either a braid or a plait, and the fact that severed parts of what once was but now is not a third thread protrude from the twist would not constitute it either of such articles. The classification of merchandise has regard to the condition in which it is imported and not to some intermediate preexisting condition.

The importers point out that if this assessment be sustained it results in the incongruity that the material for a hat, and this appears

to be such, is taxable at a rate greater than the hat itself, and that appears to be the case here. The statute, however, is unambiguous, and in such a case the remedy is with the legislative body and not with the, courts. By importing braids or plaits the importers can escape these incongruous results, but as this merchandise is neither, we are powerless to afford relief.

The judgment of the Board of General Appraisers is *affirmed.*