**C. J. TOWER & SONS**

v.

**UNITED STATES.**

**C. D. 1685; Protest No. 173061–K.**

United States Customs Court,
Third Division.
March 10, 1955.

Mark Candee, St. Louis, Mo. (Edward T. Burns, New York City, of counsel), for plaintiff.

Warren E. Burger, Asst. Atty. Gen., (Dorothy C. Bennett, Trial Atty.), New York City, for defendant.

Before EKWALL and JOHNSON, Judges.

EKWALL, Judge.

A quantity of grape juice in tins was imported from Canada and assessed for duty under the provisions of paragraph 806(a) of the Tariff Act of 1930, 19 U.S.C.A. § 1001, par. 806(a) for "grape juice * * * by whatever name known, * * * containing or capable of producing more than 1 per centum of alcohol." Said paragraph provided a rate of 70 cents per gallon on the juice and $5 per proof gallon on the "alcohol * * * that can be produced therefrom." Plaintiff claims that the $5 per proof gallon rate is invalid, or, if valid, that it had been repealed by implication prior to the date of importation here involved, viz., August 18, 1950.

Plaintiff contends in the brief filed that the duties at $5 per proof gallon under the alcohol potential provision of said paragraph 806(a) should be refunded for the following reasons: (1) That the said provision constitutes an unreasonable and discriminatory classification, in that it imposes a greater burden on imports of grape juice than upon other fruit juices, and that, therefore, plaintiff is deprived of equal protection of the laws in violation of the due process clause of the fifth amendment to the Constitution; (2) that said provision was repealed, by implication, on December 5, 1933, when the 18th amendment to the Constitution was repealed by the 21st amendment.

Answering these contentions, defendant claims that the duty levied on the alcohol potential of grape juice in paragraph 806(a), supra, is not in violation of any provision of the Constitution but is a valid exercise of the powers to "lay and collect Taxes, Duties, Imposts and Excises" and to "regulate Commerce with foreign Nations," expressly delegated to the Congress in section 8, article I of the Constitution of the United States. Further, defendant contends that Congress, by specific language in paragraph 801 of the Tariff Act of 1930,

indicated that it did not intend schedule 8 of said act to invade the realm of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., enforcing the 18th amendment, and that the disputed provision of said paragraph 806(a) has never been repealed, either expressly or impliedly, and was in full force and effect on August 18, 1950, the date of the instant importation.

The various statutes and the Articles of the Constitution involved are set forth for convenience of reference as follows:

Tariff Act of 1930:

"SCHEDULE 8.—Spirits, Wines, and Other Beverages

"Par. 801. (a) Nothing in this schedule shall be construed as in any manner limiting or restricting the provisions of Title II or III of the National Prohibition Act, as amended.

* * * * * *

"Par. 806. (a) Cherry juice, prune juice, or prune wine, and all other fruit juices and fruit sirups, not specially provided for, containing less than one-half of 1 per centum of alcohol, 70 cents per gallon; containing one-half of 1 per centum or more of alcohol, 70 cents per gallon and in addition thereto $5 per proof gallon on the alcohol contained therein; grape juice, grape sirup, and other similar products of the grape, by whatever name known, containing or capable of producing less than 1 per centum of alcohol, 70 cents per gallon; containing or capable of producing more than 1 per centum of alcohol, 70 cents per gallon, and in addition thereto $5 per proof gallon on the alcohol contained therein or that can be produced therefrom."

Constitution of the United States:

## Article I.

"Section 8. The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States;

* * * * * *

"To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; * * *."

[Amendments]:

## Article V.

"No person shall be held to answer for a capital, or otherwise infamous crime, unless * * *; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

## Article XIV.

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article XVIII [repealed Dec. 5, 1933].

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

Article XXI [effective Dec. 5, 1933].

"Section 1. The eighteenth article of amendment to the Constitution of the United States is hereby repealed.

"Section 2. The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

At the trial, there was admitted in evidence as exhibit 1, the Government chemist's report of analysis of the official sample and, by consent of counsel, all other official papers forwarded by the collector. Said exhibit 1 states:

"The sample is a non-alcoholic grape juice capable of producing 6.0% absolute ethyl alcohol by volume from the sugar content therein."

Plaintiff contends that because paragraph 806(a), supra, imposes an additional tax of $5 per proof gallon on the alcoholic potential of imported grape juice, whereas no such tax is levied on other imported fruit juices, the tax is arbitrary and unreasonably discriminatory and in violation of the due process clause of the fifth amendment. Plaintiff cites in support of this contention the case of Tyler v. United States, 281 U.S. 497, 504, 50 S.Ct. 356, 74 L.Ed. 991, and also Heiner v. Donnan, 285 U.S. 312, 326, 52 S.Ct. 358, 76 L.Ed. 772. An examination of the Tyler case cited discloses that the Court there had before it the question whether a provision in the Revenue Act of 1916, secs. 201–203, providing for transfer inheritance tax, was a violation of the due process clause, insofar as it included tenancies by the entireties as measuring the tax on decedent's estate by property which belongs to another. The Court held that the provision under consideration was an adjunct of the general scheme of taxation of which it was a part, entirely appropriate as a means to the end which Congress, in enacting the law, had in mind, i. e., "to prevent an avoidance, in whole or in part, of the estate tax by this method of disposition during the lifetime of the spouse who owned the property, or whose separate funds had been used to procure it." [281 U.S. 497, 50 S.Ct. 359.] In the course of the decision, the Court cited the cases of Brushaber v. Union Pacific R. Co., 240 U.S. 1, 24, 36 S.Ct. 236, 60 L.Ed. 493, and Nichols v. Coolidge, 274 U.S. 531, 542, 47 S.Ct. 710, 71 L.Ed. 1184, and, while conceding "The possibility that a federal statute passed under the taxing power may be so arbitrary and capricious as to cause it to fall before the due process of law clause of the Fifth Amendment", held that the statute before it was not of that character. For reasons which will be discussed infra, we find that the tax in issue in the instant case is not arbitrary or unreasonably discriminatory.

A duty on imports is a tax on the article. Brown v. State of Maryland, 12 Wheat. 419, 25 U.S. 419, 437, 438, 6 L.Ed. 678. See also Pacific Insurance Co. v. Soule, 7 Wall. 433, 74 U.S. 433, 445, 19 L.Ed. 95, where the Court stated that the term "duties" in "its widest signification, is hardly less comprehensive than 'taxes.'"

Article I of the Constitution, sections 8 and 9, delegated broad and comprehensive powers to the Federal Congress to "lay and collect Taxes, Duties, Imposts and Excises" and to "regulate Commerce with foreign Nations." The power to regulate commerce therein specified is without restrictions. The power to lay and collect taxes, duties, etc., is therein subjected only to the following restrictions: (1) Such taxes and duties shall be for the purpose of paying the debts or providing for the general welfare of the United States; (2) capitation or other direct taxes shall be apportioned among the states according to the census; (3) no tax shall be levied on articles exported from any state; and (4) all duties, imposts, and excises, shall be uniform throughout the United

States. As to the last restriction, it is settled law that within the meaning of that requirement a "tax is uniform when it operates with the same force and effect in every place where the subject of it is found", that is, geographical uniformity. Edye v. Robertson, 112 U. S. 580, 594, 5 S.Ct. 247, 252, 28 L.Ed. 798; La Belle Iron Works v. United States, 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998; Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226; Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116; Knowlton v. Moore, 178 U.S. 41, 98, 20 S.Ct. 747, 44 L.Ed. 969; Patton v. Brady, 184 U.S. 608, 622, 22 S.Ct. 493, 46 L.Ed. 713; Flint v. Stone Tracy Co., 220 U.S. 107, 158, 31 S.Ct. 342, 55 L.Ed. 389; Billings v. United States, 232 U.S. 261, 282, 34 S.Ct. 421, 58 L.Ed. 596; and Brushaber v. Union Pacific R. Co., supra. Nowhere in the instant case is there any dispute but that the duties provided under paragraph 806(a), supra, apply uniformly to all importations of like grape juice all over the United States. Moreover, a claim of unreasonable classification or inequality in the incidence or application of a tax raises no question under the fifth amendment, which contains no equal protection clause. Helvering v. Lerner Stores Co. (Md.), 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343, citing La Belle Iron Works v. United States, supra.

■ No questions relating to direct taxes or taxes on exports are here involved. We are, therefore, concerned only with the first of the above restrictions, i. e., the purposes for which the duties provided for in paragraph 806(a), supra, were levied by the legislative body. Those purposes are set forth in the preamble to the Tariff Act of 1930 in the following language:

"An Act To provide revenue, to regulate commerce with foreign countries, to encourage the industries of the United States, to protect American labor, and for other purposes."

The existence of motives other than to raise revenue for the general welfare of the country does not, in itself, invalidate Federal taxing statutes. J. W. Hampton v. United States, 276 U.S. 394, 412, 48 S.Ct. 348, 72 L.Ed. 624. An import duty may be levied by act of Congress in pursuance of its exclusive constitutional powers to lay duties or to regulate commerce, or both. Board of Trustees of University of Illinois v. United States, 20 C.C.P.A., Customs 134, T.D. 45773. The preamble to the Tariff Act of 1922 (substantially similar to the preamble above set forth), defining the purposes for which the duties thereunder provided were levied, must be considered to have expressed the purposes for the enactment of that act. Idem. The judgment of our appellate court was affirmed in Board of Trustees of University of Ill. v. United States, 289 U.S. 48, 53 S.Ct. 509, 77 L.Ed. 1025, where the Supreme Court used the following language:

"The Congress may determine what articles may be imported into this country and the terms upon which importation is permitted. No one can be said to have a vested right to carry on foreign commerce with the United States. Buttfield v. Stranahan, supra [192 U.S. 470, 24 S.Ct. 349, 48 L.Ed. 525]; The Abby Dodge, 223 U.S. 166, 176, 177, 32 S.Ct. 310, 56 L.Ed. 390; Brolan v. United States, 236 U.S. 216, 218, 219, 35 S.Ct. 285, 59 L.Ed. 544; Weber v. Freed, 239 U.S. 325, 329, 330, 36 S.Ct. 131, 60 L.Ed. 308. If the Congress saw fit to lay an embargo or to prohibit altogether the importation of specified articles, as the Congress may (The Brigantine William, 2 Hall's Amer.L.J., 255, Fed.Cas. No. 16,700; Gibbons v. Ogden, supra, pages 192, 193 of 9 Wheat.; Brolan v. United States, supra; Weber v. Freed, supra; Atlantic Cleaners & Dyers v. United States, 286 U.S. 427, 434, 52 S.Ct. 607, 76 L.Ed. 1204), no state by virtue of any in-

terest of its own would be entitled to override the restriction. The principle of duality in our system of government does not touch the authority of the Congress in the regulation of foreign commerce."

In the light of the above language, plaintiff's contentions that the disputed provision in paragraph 806(a), supra, in some way invades the rights of the states must fall.

That the provision under which the additional duty was levied in this case was neither arbitrary nor capricious, is shown by an examination of the various provisions in the tariff act for fruit juices. Even were this not so, the rule is well settled that the Federal Constitution gives no right to challenge a tax solely upon the ground of inequalities of the burdens imposed—not even under the "equal protection of the laws" provision of the 14th amendment, limiting the powers of the states. See Veazie Bank v. Fenno, 8 Wall. 533, 75 U.S. 533, 548, 19 L.Ed. 482; Merchants' & Manufacturers' National Bank of Pittsburg v. Commonwealth of Pennsylvania, 167 U.S. 461, 464, 17 S.Ct. 829, 42 L.Ed. 236; Travellers Insurance Co. v. State of Connecticut, 185 U.S. 364, 372, 22 S.Ct. 673, 46 L.Ed. 949; and Beers v. Glynn, 211 U.S. 477, 484, 29 S.Ct. 186, 53 L.Ed. 290.

The rule that courts cannot remedy inequalities or injustices occurring in tariff acts has been adhered to consistently by customs tribunals. Dunn v. United States, 2 Ct.Cust.App. 65, 67, T.D. 31627; Hensel, Bruckmann & Lorbacher v. United States, 5 Ct.Cust.App. 481, 483, T.D. 35145; United States v. Borgfeldt, 7 Ct.Cust.App. 367, 368, T.D. 36909; Ringk & Co. v. United States, 10 Ct.Cust.App. 107, 109, T.D. 38372; Kuttroff, Pickhardt & Co. v. United States, 12 Ct.Cust.App. 299, 304, T.D. 40313; and United States v. Pew Fisheries Co., 15 Ct.Cust.App. 403, 406, T.D. 42571.

It is within the discretion of Congress, in the exercise of its consti-

tutional powers, to levy high excise taxes, and it is immaterial that a particular tax may be oppressive or even destructive to an industry. McCray v. United States, 195 U.S. 27, 24 S.Ct. 769, 49 L.Ed. 78. That case involved the validity of a Federal tax on oleomargarine, so excessive as to be almost prohibitive.

The contention that the alcoholic potential provision contained in paragraph 806(a), supra, is invalid, in that it applies to grape juice only, because it unreasonably discriminates between classes of fruit juices and imposes a greater burden on importers of grape juice than on importers of other fruit juices, is without merit. The courts have consistently upheld the power of Congress to classify imports for dutiable purposes, without regard to intrinsic uniformity. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969. In the exercise of its constitutional power to lay taxes, Congress may select subjects of taxation, choosing some and omitting others. Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772.

Even in the absence of the rules above set forth, we find the record lacking in proof that the statute in question is unreasonable. Surely, it is not unreasonable for Congress to prescribe different rates, or different rate bases, for the assessment of duties on different classes of fruit juices, each of which has its own peculiar uses, value and marketing problems. The provisions of said paragraph 806(a) show no unreasonable discrimination against grape juice, for the disputed additional duty of $5 per gallon does not attach to imported grape juice, unless its alcohol potential is over 1 per centum, whereas the same rate of additional duty attaches to other classes of fruit juices, if imported with as little as one-half of 1 per centum of alcohol.

Considering plaintiff's claim that the fifth amendment, forbidding the taking of property without due proc-

ess of law, is broad enough to cover all or nearly all cases of unequal protection of the laws, it is sufficient to point out that the alcohol potential provision of paragraph 806(a), supra, applies equally to all in each specified class. Therefore, it meets the test of constitutional equal protection and is valid. Where rates of tax, though different for separate classes, operate uniformly upon all who are similarly situated, the constitutional guarantee of equal protection is satisfied. Cincinnati, N. O. & T. R. R. Co. v. Commonwealth of Kentucky, 115 U.S. 321, 339, 6 S.Ct. 57, 29 L.Ed. 414; Home Insurance Co. of New York v. State of New York, 134 U.S. 594, 606, 10 S.Ct. 593, 33 L.Ed. 1025; Kentucky Union Co. v. Commonwealth of Kentucky, 219 U.S. 140, 161, 31 S.Ct. 171, 55 L.Ed. 137; Qwong Wing v. Kirkendall, 223 U.S. 59, 62, 32 S.Ct. 192, 56 L.Ed. 350; Barrett v. State of Indiana, 229 U.S. 26, 29–30, 33 S.Ct. 692, 57 L.Ed. 1050; Citizens' Telephone Co. v. Fuller, 229 U.S. 322, 329–333, 33 S.Ct. 833, 57 L.Ed. 1206; Northwestern Mut. Life Ins. Co. v. State of Wisconsin, 247 U.S. 132, 139, 38 S.Ct. 444, 62 L.Ed. 1025; and Fort Smith Light & Traction Co. v. Board of Improvement, 274 U.S. 387, 391, 47 S.Ct. 595, 71 L.Ed. 1112.

Section 514 of the Tariff Act of 1930, 19 U.S.C.A. § 1514, under the terms of which a right of protest is provided against the assessment of duty under any provision of said act, together with a right to a hearing before this court and an appeal to the Court of Customs and Patent Appeals, is a complete answer to plaintiff's contention that an importer is deprived of his property, without due process of law. That this statutory remedy and corresponding provisions in prior tariff acts constitute due process of law within the fifth amendment has been held repeatedly. United States v. Shallus, 9 Ct.Cust.App. 168, T.D. 37999; Lewis & Conger v. United States, 13 Ct.Cust.App. 22, T.D. 40862; Goldman v. United States, 28 C.C.P.A., Customs, 162, C.A.D. 139.

We find no basis in law for plaintiff's further claim that the repeal of the 18th amendment impliedly repealed the provisions of paragraph 806(a), here under consideration. Said 18th amendment, effective January 29, 1919, prohibited the manufacture, sale, importation, exportation, or transportation in this country of intoxicating liquors for beverage purposes and was repealed by the 21st amendment, effective December 5, 1933. The Tariff Act of 1930 was enacted for the purposes set forth in the preamble thereto, and all duty provisions, including those prescribed in paragraph 806(a), supra, were levied in the exercise of the Federal powers to regulate commerce with foreign countries and to lay and collect taxes, duties, and imposts expressly delegated to Congress by section 8, article I of the Constitution. Government operations began under the Federal Constitution on March 4, 1789. Vol. 1, U.S.C.A. p. 35, at p. 36, note 1. Therefore, the congressional powers to regulate commerce with foreign nations and to lay and collect taxes, duties, and imposts existed independently of, and long prior to, the adoption of the 18th amendment. Those powers were limited in scope only to the extent set forth earlier in this opinion. Nowhere in those limitations do we find language which precludes Congress from prescribing the alcohol potential, or any other basis, for the assessment of duties of foreign goods imported into this country.

An examination of the cases cited by plaintiff in support of the contention that paragraph 806(a), supra, was repealed, by implication, by the repeal of the 18th amendment and the National Prohibition Act, shows that they are not in point. All of said cases involved violations of the National Prohibition Act, which depended entirely for its validity upon the 18th amendment to the Constitution. The holding of the courts there that, after ratification of the 21st amendment, violations of the National Prohibition Act could no longer be pros-

ecuted is inapplicable to the present situation, involving a statute enacted under the Federal power to regulate foreign commerce. Said 21st amendment did not destroy the power of Congress to regulate foreign commerce, and, irrespective of that amendment, Congress retains its constitutional right to impose conditions upon the importation of intoxicating liquor into the United States. William Jameson & Co., Inc., v. Morgenthau, D.C., 25 F.Supp. 771.

For the reasons above set forth, we overrule all of plaintiff's claims.

Judgment will be rendered accordingly.