**No. 60294.**—John Wanamaker, Phila. v. United States, protests 190164–K, etc. (Philadelphia).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 60295.**—Harry R. Woodward v. United States, protest 279939–K (Pembina).

DONLON, Judge: When this case was called on the calendar at Pembina, N. Dak., on June 19, 1956, plaintiff failed to appear, although due notice of the hearing had been timely mailed. The court then ordered the case submitted.

Plaintiff in this suit is, in fact, the State of South Dakota. The importation at issue was by Mr. Harry R. Woodward, in his official capacity as State Forester of the Department of Game, Fish, and Parks, of that State. Mr. Woodward's protest to the collector of customs at Pembina, N. Dak., is that no duty whatsoever is payable on this entry.

States are not exempt from the payment of customs duties. The Supreme Court has so held. *Board of Trustees of the University of Illinois* v. *United States,* 289 U. S. 48 (1933). While in that case, plaintiff was not the State, but a public corporation that is a State agency, the opinion of Chief Justice Hughes makes it clear that the decision rests on a broad interpretation of the exclusive authority granted by the Constitution to the Congress to regulate foreign commerce. That case construed the Tariff Act of 1922. The comparable language of the Tariff Act of 1930 allows no room to distinguish the case now before us.

If there is some other basis, in the language of the tariff act itself, on which this importation is claimed as duty free, the plaintiff has not made that basis known.

The protest is overruled.