Duncan **MILLER**, Plaintiff,

v.

**WOODS PETROLEUM CORPORATION, Defendant.**

**No. CIV–77–0124–D.**

United States District Court, W. D. Oklahoma.

Feb. 15, 1977.

---

Duncan Miller, pro se.

## ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

The Complaint filed herein was designated by the plaintiff "In the Matter of CIV. No. 74–341–D". The basis of his Complaint is that the defendant ignored a letter from the plaintiff dated January 24, 1977, which he states related to some question in the former proceeding. In some undefined way he apparently contends that the consequence of the failure of the defendant to reply "would mean that the Honorable Court would come to an entirely different decision". He alleges "jurisdiction is invoked under constitutional questions".

The Complaint is frivolous and will be dismissed. It involves no federal question and wholly fails to state any claim for relief. The defendant had no duty, constitutional or otherwise, to answer plaintiff's letter. A federal court must dismiss for want of jurisdiction when the federal claim that is the asserted basis for jurisdiction is clearly without merit and plainly frivolous. *Cuyahoga River Power Co. v. Northern Ohio Transaction & Light Co.*, 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626 (1920); *Weber v. Freed*, 239 U.S. 325, 36 S.Ct. 131, 60 L.Ed. 308 (1915); *Hannis Distilling Co. v. Mayor and City Council of Baltimore*, 216 U.S. 285, 30 S.Ct. 326, 54 L.Ed. 482 (1910); *Newburyport Water Co. v. City of Newburyport*, 193 U.S. 561, 24 S.Ct. 553, 48 L.Ed. 795 (1904).

Moreover, it is plain that this is not in fact, and was not intended by plaintiff to be, a new action. It is manifestly an attempt by circumvention and devious means to obtain relief from the judgments and orders of this court in said case No. Civ–74–341–D in a manner not authorized by the Federal Rules of Civil Procedure. Judgment in said action was entered November 6, 1974, and became final after an unsuccessful attempt to appeal by the plaintiff to the Tenth Circuit Court of Appeals. On October 21, 1975, the plaintiff filed a Motion for Leave to File an Amended Complaint which Motion was overruled by the court on November 6, 1975. Thereafter on November 18, 1975, the plaintiff filed a Motion for Reconsideration of the Order and to reverse the judgment against plaintiff in the case. This Motion was denied November 21, 1975. The plaintiff then followed with a brief in support of his prior Motion for Reconsideration and to reverse the judgment against the plaintiff on December 1, 1975. The court after considering plaintiff's brief determined that its order of November 21, 1975, should be re-adopted and the Motion of November 18, 1975, by the plaintiff should be overruled as previously concluded, noting in its Order of December 9, 1975, its prior finding that the plaintiff's Motion should be denied for failure to state any ground for setting aside the judgment in conformance with Rule 60(b), Federal Rules of Civil Procedure is supported by the holding in the case of *Sutherland v. Fitzgerald*, 291 F.2d 846 (10th Cir., 1961), wherein the court stated:

> "Since appellant asserts none of the grounds enumerated under Rule 60(b) for relief from the original judgment, the order denying relief therefrom is affirmed."

Plaintiff then filed a frivolous Motion for Default Judgment against the defendant Wood Petroleum Company which was summarily denied by the court on December 24, 1975. On appeal by the plaintiff the Court of Appeals for the Tenth Circuit affirmed this court's Orders of November 6, 1975, November 21, 1975, December 9, 1975 and December 24, 1975.

The plaintiff cannot re-open said case No. Civ–74–341–D by filing a "new" Complaint

which in substance is an "Amended" Complaint which could not be filed as the court has already determined. The plaintiff will not be permitted to accomplish by subterfuge that which has previously been denied by the court.

 Finally the patent purpose of this tactic by the plaintiff is to vex and harass the defendant. Nothing in our judicial system compels a federal court to tolerate an abuse of the court's process for such purposes. See *LaClair v. United States*, 241 F.Supp. 819 (N.D.Ind.1965).

Accordingly, the Complaint will be dismissed.

IT IS SO ORDERED.