**SWISHER INTERNATIONAL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 98–153.
Court No. 95–03–00322.

United States Court of International Trade.

Nov. 6, 1998.

---

McKenna & Cuneo, L.L.P. (Peter Buck Feller, Joseph F. Dennin, and Daniel G. Jarcho ), for plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson, Todd M. Hughes, and Lara Levinson ), Richard McManus Office of the Chief Counsel, United States Customs Service, of counsel, for defendant.

Neville, Peterson & Williams (John M. Peterson, George W. Thompson, Lawrence J. Bogard, and Michael K. Tomenga ), for amici curiae Totes–Isotoner, Inc., et al.

## OPINION

RESTANI, Judge:

This action seeking recovery of Harbor Maintenance Taxes (HMT) pursuant to 28 U.S.C. § 1581(a) (1994) (jurisdiction over denial of protest by Customs Service) is before the court on cross motions for summary judgment.

### Facts

Swisher International, Inc. paid HMT on a quarterly basis from the fourth quarter of 1990 through the second quarter of 1994. Swisher filed refund requests on Customs Form 350 on the basis that the statute imposing HMT on exports is unconstitutional. The refund requests were denied on October 26, 1994. On November 21, 1994 Customs promulgated specific procedures for filing protests challenging the constitutionality of HMT on exports. See User Fee Protests, 59 Fed.Reg. 60044 (Dep't Treasury 1994). On November 23, 1994 Swisher protested the denial in the manner instructed by Customs. Swisher requested an accelerated disposition of the protest under 19 U.S.C. § 1515(b) (1994) on February 24, 1995. Swisher then filed this action on March 29, 1995, which was three days after the protest would have been denied by operation of law, see 19 U.S.C. § 1515(b), if the protest had been one of the protestable decisions listed in 19 U.S.C. § 1514(a) (1994).

The HMT statute was declared unconstitutional as applied to foreign exports, as are at issue here. U.S. v. U.S. Shoe Corp., ─── U.S. ───, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998). In U.S. Shoe, the Supreme Court found that jurisdiction lay under 28 U.S.C. § 1581(i) (1994).[1] Id. at 1293–94. The applicable statute of limitation is 28 U.S.C. § 2636(i) (1994),[2] which permits suit to be commenced within two years of payment of the tax. See Stone Container Corp. v. United States, Slip Op. 98–143, No. 96–10–02366, 1998 WL 800017 (Ct. Int'l Trade Oct. 5, 1998). Thus, some of plaintiff's claims will be timed barred unless jurisdiction is also cognizable under 28 U.S.C. § 1581(a).

Swisher participated as an amicus curiae before both this court and the Court of Appeals for the Federal Circuit, raising its refund protest denial theory, but as it was not a party it could not obtain a definitive disposition of its theory.[3] The court addresses it now.

### Discussion

 The Supreme Court recognized jurisdiction over suits to recover HMT on exports as lying under 28 U.S.C. § 1581(i), the residual jurisdiction of the court. U.S. Shoe, 118 S.Ct. at 1293–94. Section 1581(i) applies if none of the other sections of 28 U.S.C. § 1581 are available for relief. Miller & Co. v. United States, 824 F.2d 961, 963 (Fed.Cir. 1987), cert. denied 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988) (citing cases). This means that if one had the opportunity

---

1. Section 1581(i) of Title 28 provides in relevant part:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for-

 (1) revenue from imports or tonnage;

 (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

 (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

 (4) administration and enforcement with respect to the matters referred to in paragraphs

(1)-(3) of this subsection and subsections (a)-(h) of this section.

2. Section 2636 of Title 28 provides in relevant part:

**Time for commencement of action**

 * * *

(i) A civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than an action specified in subsections (a)-(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues.

3. See U.S. Shoe Corp. v. United States, 114 F.3d 1564, 1570 (Fed.Cir.1997) (finding jurisdiction under 28 U.S.C. § 1581(i), and not § 1581(a), and leaving open issue of whether a protest U.S. Shoe might have filed would have altered this finding).

for access to the court under 28 U.S.C. § 1581(a),[4] albeit after exhausting mandatory administrative remedies, there is no § 1581(i) jurisdiction. *Lowa, Ltd. v. United States,* 5 CIT 81, 88, 561 F.Supp. 441, 446–47 (1983), *aff'd,* 724 F.2d 121 (Fed.Cir.1984).

■ Of course, it is possible that there is an exception to the long line of case law on this point because of the uniqueness of a suit based on exports, as opposed to imports, the normal subject matter of the court. The court finds this not to be the case. In fact, it is this uniqueness which reinforces the applicability of the standard jurisprudence. Section 1581(i) provides jurisdiction because recovery of HMT on the basis of the statute's unconstitutionality cannot be shoe-horned into Customs' protest procedures. What may be protested is a decision of Customs falling within the categories set forth in 19 U.S.C. § 1514(a).[5] Swisher alleges that Customs' "decision" to deny its refund request was a decision regarding the "amount of duties chargeable" or a "charge or exaction."

■ First, and most importantly, *U.S. Shoe,* 118 S.Ct. at 1293–94, makes clear that there is no protestable Customs decision with respect to the constitutionality of HMT. It would be incongruous to permit conversion of "no decision" into a protestable decision, by means of the unilateral choice of the exporter to seek a refund at any time of its choosing.

There are no time limits for the request or for the Customs decision thereon under 19 C.F.R. § 24.24(e)(5) (1997), which provides for HMT refund requests. Interpretation of the law to put control of the setting of limitations periods in the hands of one party to the dispute is disfavored. *United States v. Cocoa Berkau Inc.,* 990 F.2d 610, 614 (Fed.Cir. 1993) ("we cannot 'permit a single party to postpone unilaterally and indefinitely the running of the statute of limitations'.") (quoting *United States v. Commodities Export Co.,* 972 F.2d 1266, 1271 (Fed.Cir.1992)).

■ Second, it is clear that no liquidation is involved. At most, plaintiff analogizes the denial of the refund request to a liquidation, but it is not a liquidation as that term is understood—the final determination of import duties. *See* 19 C.F.R. § 159.1 (1998) ("liquidation means the final computation or ascertainment of the duties or drawback accruing on an entry."). It is a liquidation which settles "the amount of duties owing." It is also "charges or exactions" that merge into liquidation which are protestable. *United States v. Utex International, Inc.,* 857 F.2d 1408, 1414 (Fed.Cir.1988) ("[19 U.S.C. § 1514 and 28 U.S.C. § 2637] relate to the exhaustion of administrative remedies with respect to liquidation of the entry, as a prerequisite to judicial review of any of the items subsumed in liquidation."). *See also United States v. Ataka America, Inc.,* 17

4. Section 1581(a) of Title 28 provides:

 (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

5. Section 1514(a) of Title 19 provides in relevant part:

 **(a) Finality of decisions; return of papers**
 Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
 (1) the appraised value of merchandise;
 (2) the classification and rate and amount of duties chargeable;
 (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
 (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
 (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
 (6) the refusal to pay a claim for drawback; or
 (7) the refusal to reliquidate an entry under section 1520(c) of this title;
 shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed in section 2636 of that title.

CIT 598, 606, 826 F.Supp. 495, 502 (1993) (customs action merging into liquidation, "must be protested to avoid finality"). *Utex* and *Ataka* are fully consistent with the traditional definition of charge or exactions as "specific sums of money (other than ordinary customs duties) on *imported* merchandise." *Alberta Gas Chemicals, Inc. v. Blumenthal,* 82 Cust. Ct. 77, 82, 467 F.Supp. 1245, 1249–50 (1979) (emphasis added). *Utex* and *Ataka* are also reconcilable with *Norfolk & Western Railway v. United States,* 18 CIT 55, 843 F.Supp. 728 (1994), *aff'd,* 62 F.3d 1395 (Fed. Cir.1995) (user fee on vehicles and vessels protestable), as the fees in *Norfolk* were intimately connected to importation. *General Motors Corp. v. United States,* 10 CIT 569, 643 F.Supp. 1139 (1986) is similar and protestability was a more central issue in that case. *See also Carlingswitch, Inc. v. United States,* 68 C.C.P.A. 49, 55, 651 F.2d 768, 773 (1981) ("refusals to refund money" are not 19 U.S.C. § 1514 "charges or exactions.") Thus, it appears there is nothing which may be protested as a prerequisite to 28 U.S.C. § 1581(a) jurisdiction in this case.

 Further, while Customs may provide refund and "protest" procedures for the convenience of the parties, if such administrative procedures are not mandatory, they will not toll the statute of limitations. *See Cocoa Berkau,* 990 F.2d at 615–16 (28 U.S.C. § 2415(a) not tolled by permissive administrative proceeding); *Ataka America, Inc.,* 17 CIT at 605, 826 F.Supp. 495, 501–02 (same). Because administrative procedures have been found not to be mandatory as to challenges to the unconstitutionality of HMT on exports, *see U.S. Shoe,* 118 S.Ct. at 1293, they do not toll the statute. As indicated in the discussion of liquidation, *supra,* even as to questions of interpretation of the HMT statute itself or with regard to factual questions as to HMT on exports, 28 U.S.C. § 1581(a) protest denial jurisdiction is in doubt.

Plaintiff, however, relies heavily on Customs' alleged authority to issue protestable refund decisions under 19 C.F.R. § 24.24(e)(5) (1997), and to case law finding protest necessary for the full array of legal issues arising out of a refund denial.[6] While Customs may have the authority to make decisions with regard to HMT amount, as opposed to the constitutionality of the statute, as indicated it is not at all clear that the mandatory protest procedures of 19 U.S.C. § 1514(a) apply to even such limited decisions, where exports are involved. It may be that for such cases 28 U.S.C. § 1581(i) is the applicable jurisdictional provision. The remedy under 19 C.F.R. § 24.24(e)(5) may be read as the type of remedy which should be exhausted if Customs may make a meaningful, that is, non-futile decision. *See* 28 U.S.C. § 2637(d) (1994) (court has discretion to require exhaustion in various cases including those brought under 28 U.S.C. § 1581(i)). It may be, however, that there is no regulatory time limit precisely because the time limit is necessarily dictated by the statute of limitation applicable to 28 U.S.C. § 1581(i). In such a case the statute would continue to run until suit is filed. Thus, if a party which paid HMT on exports seeks a refund because of an ordinary dispute within Customs' jurisdiction, it should promptly request one from Customs. It has not been determined, however, that such a request will toll the statute.[7]

**6.** The court does not take issue with the proposition that protests of 19 U.S.C. § 1514(a) decisions as to imports may raise constitutional issues. *See C.J. Tower & Sons of Buffalo, Inc. v. United States,* 34 Cust. Ct. 95, 34 Cust.Ct. 95, 135 F.Supp. 874 (1955) (reviewing protest involving Fifth Amendment challenge to tariff); *Star–Kist Foods, Inc. v. United States,* 47 C.C.P.A. 52, 275 F.2d 472 (1959) (reviewing protest allegation that duty arose under unconstitutional statute). Nonetheless, *U.S. Shoe* made clear that this procedure is not mandated as to constitutional challenges to HMT on *exports.*

**7.** *Dicta* in *U.S. Shoe,* 19 CIT 1284, 1296, 907 F.Supp. 408, 418 (1995), *aff'd,* 114 F.3d 1564 (Fed.Cir.1997), *aff'd,* —— U.S. ——, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998), might be read to state that such limited decisions as to exports are protestable in the sense of 19 U.S.C. § 1514 and that jurisdiction would lie under 28 U.S.C. § 1581(a) for such decisions. That precise issue was not before the court. The concurring opinion indicates that the lack of time limits for decision making by Customs on refund requests under 19 C.F.R. § 24.24(e)(5) supports the view that this is not a mandatory procedure for purposes of 19 U.S.C. § 1514(a) and, thus, 28 U.S.C. § 1581(a) jurisdiction is lacking. *U.S. Shoe,* 19 CIT at 1302, 907 F.Supp. at 423 (Musgrave, J., concurring).

■ Defendant opined at oral argument that the refunds referred to in 19 C.F.R. § 24.24(e)(5) are those described in 19 U.S.C. § 1520(c) (1994) and that refunds under that provision may be made for errors of fact only. Generally, Customs makes refunds of monies erroneously collected pursuant to 19 U.S.C. § 1520. Section 1520(c), which allows correction within one year of liquidation, is limited to factual error, but not all of 19 U.S.C. § 1520(a) is so limited. Subsections 1520(a)(1) and (a)(2) of Title 19 are potentially applicable.[8] Subsection (1), however, refers to liquidation of entries and subsection (2) refers to fees, charges, or exactions, but excludes taxes. Thus, it appears that 19 U.S.C. § 1520 does not apply to export tax refunds.[9] Even if 19 U.S.C. § 1520(a) could be read to apply to export taxes in some circumstances, it cannot be read to allow Customs to refund taxes owed under the terms of a statute, as these taxes were owed at the time the refund was requested. Customs could not refund the taxes because Customs could not declare the statute unconstitutional. Any refund procedures arguably permissible under 19 U.S.C. § 1520 did not apply to these attempts to recover HMT payments. Thus, assuming *arguendo* that

decisions as to HMT on exports may be protestable decisions as to "amount of duties," "charges" or "exactions," and thus 28 U.S.C. § 1581(a) protest denial jurisdiction might be applicable in some HMT export situations, it is not applicable to this dispute over the constitutionality of the HMT statute.

In conclusion, the court finds whether or not some decisions with regard to HMT on exports are protestable within the meaning of 19 U.S.C. § 1514(a), there was no protestable decision giving rise to 28 U.S.C. § 1581(a) jurisdiction in this case. Furthermore, a plaintiff cannot unilaterally grant itself a new limitations period by making a refund request whenever it so chooses.

Plaintiff shall present an appropriate judgment sheet reflecting this opinion within twenty days hereof.

8. The other subsections of 19 U.S.C. § 1520(a) cover fines and penalties, (a)(3), and clerical errors, (a)(4).

9. Plaintiff agrees that 19 U.S.C. § 1520 does not apply, but rather argues that 19 C.F.R. § 24.24(e) provides all the refund authority needed. As explained *supra* in the text, the regulatory provision is insufficient to form a basis for jurisdiction in this action.